MIRTA MÁRQUEZ RESTO t/c/p MIRTA MÁRQUEZ, demandante y recurrida, *v.* CARLOS R. BARRETO LIMA t/c/p CARLOS·R. BARRETO, demandado y recurrente.

*Número:* CC-96-189 *Resuelto:* 19 de mayo de 1997

138

*Luis R. Lugo Emanuelli*, abogado de la parte recurrente; *Pedro R. Cintrón Rivera*, abogado de la parte recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

En el presente caso, el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) erró al declarar nula la sentencia dictada por el foro de instancia el 10 de septiembre de 1992, mediante la cual se decretó el divorcio entre la demandante recurrida Mirta Márquez Resto y el demandado recurrente Carlos Raúl Barreto Lima, por la causal de separación. También erró al aplicar la defensa de cosa juzgada y desestimar la demanda sobre división de bienes gananciales presentada por la demandante recurrida señora Márquez Resto.

I

*Los hechos*

En abril de 1992 el peticionario Carlos Raúl Barreto Lima presentó una demanda de divorcio por la causal de separación contra la recurrida Mirta Márquez Resto. En la demanda, además de hacer las alegaciones pertinentes a dicha causal, alegó que durante el matrimonio no se adqui-

rieron bienes inmuebles, pero sí mobiliario para el hogar; que no se contrajeron deudas, y que él, Barreto Lima, le cedía cualquier participación o derecho en el mobiliario del hogar a la señora Márquez Resto. Ella fue emplazada mediante un edicto y se le envió por correo certificado con acuse de recibo una copia del emplazamiento y la demanda a su última dirección conocida. El edicto publicado el 23 de julio de 1992 en el periódico *El Vocero de Puerto Rico* disponía lo siguiente:

> Por la presente se le notifica y se le emplaza que en este Tribunal *se ha radicado una Demanda de Divorcio por la causal de Separación* contra usted en la cual Carlos R. Barreto, es la parte Demandante. El abogado de la parte Demandante lo es el Lcdo. Irving Díaz Casillas con dirección en la Calle Victoria #7, (Bajos), Fajardo, Puerto Rico 00738, Tel: 863–5400. Este edicto se publicará una vez y podrá la demandada oponerse dentro de 30 días después de publicarse este edicto. De así no hacerlo el Tribunal dictará sentencia sin más citarle ni oírle. (Énfasis suplido.)

El 20 de septiembre de 1992 el foro de instancia dictó sentencia en rebeldía contra la señora Márquez Resto. Decretó la disolución del vínculo matrimonial por la causal de separación. En cuanto a los mobiliarios adquiridos durante el matrimonio, expresó que se declaraba a la señora Márquez Resto "como única dueña por haber cedido la parte demandante a ésta su participación en los mismos".

Así las cosas, el 27 de diciembre de 1994 la señora Márquez Resto presentó una demanda sobre división de bienes gananciales contra el señor Barreto Lima en el Tribunal de Distrito, Sala de Fajardo. Alegó que las partes estuvieron casadas entre sí hasta el 10 de septiembre de 1992, cuando se decretó la sentencia de divorcio, que para la fecha de la presentación de esta demanda era final y firme. Hizo un listado de bienes, muebles e inmuebles, que alegó fueron adquiridos por las partes durante el matrimonio, cuyo valor calculó en veinticinco mil novecientos sesenta dólares ($25,960). Continuó alegando que el señor Barreto Lima

estaba en posesión de los bienes que pertenecían a la disuelta sociedad de bienes gananciales. Finalmente, solicitó su liquidación.

El 10 de marzo de 1995 el señor Barreto Lima solicitó la desestimación de la demanda. Alegó que en la sentencia de divorcio dictada el 10 de septiembre de 1992, que ya era final y firme, se había hecho constar que las partes no adquirieron bienes inmuebles durante el matrimonio; que sólo adquirieron bienes muebles, los cuales éste cedió a la señora Márquez Resto. A base de estos hechos concluyó que la causa de acción presentada constituía "cosa juzgada e impedimento colateral por sentencia" y que debía ser desestimada. La señora Márquez Resto se opuso. El 8 de mayo de 1995, el tribunal de instancia dictó una escueta sentencia en la que decretó la desestimación del caso.[1]

Inconforme con ésta, el 7 de junio de 1995 la señora Márquez Resto apeló al Tribunal de Circuito. Señaló que el tribunal de instancia erró: (1) al darle efecto de cosa juzgada a la sentencia de divorcio, toda vez que no existe identidad de causas; (2) al desestimar la demanda basándose en una sentencia en rebeldía nula, puesto que ésta concede un remedio distinto al solicitado; (3) al desestimar la demanda dándole eficacia de cosa juzgada a una sentencia que no es firme, y (4) al desestimar la demanda, dándole eficacia de cosa juzgada a una sentencia dictada sin jurisdicción.

El Tribunal de Circuito emitió una sentencia el 6 de mayo de 1996, mediante la cual declaró nula la sentencia de divorcio dictada el 10 de septiembre de 1992; revocó la sentencia de división de bienes gananciales apelada, y devolvió el caso al foro de instancia para procedimientos ulteriores. Inconforme, el señor Barreto Lima presentó ante nos una petición de *certiorari*. En síntesis, alegó que

---

[1] La sentencia en su totalidad dispone así:

"Siendo la Sentencia de Divorcio una final y firme el Tribunal declara SIN LUGAR la Moción en oposición a solicitud de Desestimación y se procede con la desestimación del presente caso."

el Tribunal de Circuito erró al anular la sentencia de divorcio y al no darle efecto de cosa juzgada y/o de impedimento colateral por sentencia a la sentencia de divorcio.[2]

El 23 de agosto de 1996 emitimos una orden para que la recurrida compereciera y mostrara causa por la cual no deberíamos expedir el recurso solicitado y dictar sentencia para modificar la emitida por el Tribunal de Circuito que decretó nula la Sentencia de 10 de septiembre de 1992, emitida por el tribunal de instancia por defectos en el emplazamiento, y en su lugar revocar la sentencia desestimatoria de la demanda de división de bienes gananciales por no proceder la defensa de cosa juzgada. La parte recurrida ha comparecido allanándose. Estando en posición de decidir, así procedemos a hacerlo según lo intimado.

## II

*El emplazamiento*

 El emplazamiento es el mecanismo procesal de notificación que se utiliza para que un tribunal pueda adquirir jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita. "[E]l propósito principal del emplazamiento es notificar al demandado que se ha instado una acción judicial en su contra, para así garantizarle su derecho a ser oído y defenderse." *Bco. Central Corp. v. Capitol Plaza, Inc.*, 135 D.P.R. 760, 763 (1994). Véanse, además: *Chase Manhattan Bank v. Polanco Martínez*, 131 D.P.R. 530 (1992); *Rodríguez v. Nasrallah*, 118 D.P.R. 93, 98 (1986). El concepto "jurisdicción *in personam*" está intrín-

---

[2] El caso lo atendió el Circuito Regional VII de Carolina y Fajardo. El panel estuvo compuesto por su presidente, el Honorable Rivera de Martínez, y los Honorables Jueces Cabán Castro y Martínez Torres. El juez ponente fue el Honorable Cabán Castro. El Honorable Martínez Torres emitió una opinión disidente.

secamente atado al debido proceso ley. *Reyes v. Oriental Fed. Savs. Bank*, 133 D.P.R. 15, 21 (1993).

■ Con relación a la jurisdicción *in personam*, un tribunal puede adquirirla de dos (2) maneras: (1) utilizando adecuadamente los mecanismos procesales de emplazamiento provistos en las Reglas de Procedimiento Civil, o (2) mediante la sumisión voluntaria de la parte demandada a la jurisdicción del tribunal. Esta sumisión la puede hacer de forma explícita o tácita. *Sterzinger v. Ramírez*, 116 D.P.R. 762, 789 (1985); *Franco v. Corte*, 71 D.P.R. 686 (1950). Véase, además, *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 703–704 (1982). La falta de jurisdicción sobre la persona es una defensa afirmativa que le pertenece a la persona que quedó afectada por la falta de notificación adecuada y puede ser renunciada por ésta, expresa o tácitamente. Regla 10.8(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ Reiteradamente hemos resuelto que el método para emplazar que se utilice tiene que tener una probabilidad razonable de notificar o informar al demandado sobre la acción entablada en su contra, de forma tal que éste pueda comparecer a defenderse, si así lo desea. *Pou v. American Motors Corp.*, 127 D.P.R. 810, 819 (1991); *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593, 610 (1989); *Rodríguez v. Nasrallah*, supra. Es por esto que "[l]as disposiciones estatutarias para adquirir jurisdicción sobre la persona de un demandado por medio de la publicación de edictos en sustitución de notificación personal deben observarse estrictamente". J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, Cap. 1, pág. 40; *Reyes Martínez v. Oriental Fed. Savs. Bank*, supra. Éstas tienen que interpretarse de forma tal que exista la probabilidad razonable de que el demandado quede notificado sobre la acción que

se ha instado en su contra y pueda hacer una decisión informada sobre si desea o no comparecer a defenderse.

### III

*Las alegaciones*

■ Al amparo de las Reglas de Procedimiento Civil se permite que en una demanda o contestación se puedan acumular todas las reclamaciones que un demandante o demandado tenga contra la parte adversa, estén o no éstas relacionadas entre sí. Regla 14 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Véanse, además: *Vives Vázquez v. E.L.A.*, 142 D.P.R. 117 (1996); *Rodón v. Fernández Franco*, 105 D.P.R. 368 (1976).

■ La Regla 14.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, expresa que "[c]uando se tratare de una reclamación que dependa para su ejercicio de que otra reclamación sea proseguida hasta su terminación, dichas dos reclamaciones podrán acumularse en el mismo pleito. El tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal". Sobre la acción contingente, hemos reconocido que este tipo de reclamación "es algo usual y corriente en la práctica procesal", siendo la única limitación que el tribunal no la podrá resolver hasta que ventile la reclamación principal de la cual depende, o sea, hasta que la sentencia en la acción principal advenga final y firme. *Rodón v. Fernández Franco*, supra, pág. 383.

### IV

*Aplicación de las normas procesales a los hechos*

En este caso la señora Márquez Resto instó ante el foro de instancia una demanda sobre división de bienes gananciales contra el señor Barreto Lima. Alegó, entre otras cosas, que había estado casada con el demandado hasta el 10 de septiembre de 1992, fecha en que se decretó el divorcio

por el Tribunal de Distrito en el caso *Carlos R. Barreto v. Myrta Márquez*, Civil Núm. CD-92-1123, y que dicha sentencia había advenido a ser final y firme. Continuó alegando que el demandado había estado en posesión de los bienes que pertenecieron a la ya extinta sociedad de bienes gananciales Barreto-Márquez. El demandado solicitó la desestimación de la demanda basándose en la defensa de cosa juzgada. Arguyó que la acción sobre división de bienes gananciales había sido resuelta en el caso anterior de divorcio y que la sentencia allí dictada era final y firme. El Tribunal de Primera Instancia acogió los argumentos del demandado y, mediante una escueta sentencia, desestimó la demanda.

Inconforme con el dictamen, la demandante señora Márquez Resto apeló al Tribunal de Circuito. Dicho tribunal dictó sentencia para revocar la apelada y ordenar la devolución del caso al foro de instancia. Determinó que la sentencia en el caso de divorcio era nula por haber carecido el tribunal de instancia de jurisdicción sobre la allí demandada, ahora demandante, señora Márquez Resto, y que por lo tanto, no procedía la aplicación de la defensa de cosa juzgada.

En este caso, lo primero que tenemos que dejar claramente establecido es que ni en el Tribunal de Primera Instancia ni en el Tribunal de Circuito se cuestionó, por parte alguna, la validez del divorcio. Como cuestión de hecho, la demandante señora Márquez Resto, a quien le hubiese correspondido impugnar la validez del divorcio por falta de jurisdicción sobre su persona, al presentar la demanda sobre división de gananciales partió de la base de que existía un divorcio válido. Así lo alegó específicamente en la demanda, ya que la reclamación sobre división de bienes gananciales es contingente. Surge sólo después de haberse disuelto el matrimonio. En el caso de la señora Márquez Resto, esto ocurrió por virtud del divorcio decretado en 1992. Sin embargo, el Tribunal de Circuito, motu proprio y

sin razón alguna, entra a discutir y dilucidar la validez del divorcio previamente decretado.

■ Ahora bien, resulta de vital importancia señalar que nos encontramos frente a un planteamiento de falta de jurisdicción sobre la persona, un derecho renunciable, no de falta de jurisdicción sobre la materia, un derecho irrenunciable. Y que se trata de una determinación que afecta un asunto revestido de un gran interés público: la certeza sobre el *status* de las personas y la estabilidad de las relaciones familiares.

Tomando en consideración lo antes expresado, no podemos avalar la determinación de nulidad del divorcio hecha por el Tribunal de Circuito. Procede que la revoquemos.

Pasemos ahora a considerar si a la luz de los hechos de este caso es de aplicación la defensa de cosa juzgada.

En la demanda del caso de divorcio que sirve de base para el planteamiento de la defensa de cosa juzgada, el señor Barreto Lima alegó, además de la causal de separación, que durante el matrimonio "no se adquirieron bienes inmuebles pero sí mobiliario para el hogar [y] que no se contrajeron deudas". Continuó alegando que "el mobiliario para el hogar pertene[cía] todo a la demandada", ya que él le cedía cualquier participación o derecho que él tuviera sobre éstos. Luego de celebrar una vista evidenciaria, el tribunal de instancia decretó el divorcio por separación e hizo las expresiones siguientes: que durante el matrimonio "no se adquirieron bienes inmuebles, s[ó]lo mobiliario para el hogar [y] que el [señor Barreto Lima] no [tenía] interés en los mismos y ced[ía] su participación a la [señora Márquez Resto]". Son éstas las alegaciones y expresiones que el demandado utiliza para apoyar su defensa de cosa juzgada.

Interpretando de forma liberal y flexible las sucintas y sencillas alegaciones de la demanda presentada por el señor Barreto Lima en el caso anterior, se puede concluir que ésta contenía dos (2) reclamaciones o causas de acción dis-

tintas y enteramente separables: la principal de divorcio y la contingente de división de bienes gananciales. En ese caso la señora Márquez Resto fue emplazada mediante edicto. El edicto indicaba, en lo pertinente, "que en este Tribunal se ha[bía] radicado *una Demanda de Divorcio por la causal de Separación* contra usted en la cual CARLOS R. BARRETO, es la parte Demandante". (Énfasis suplido.)

Como podrá observarse, en el edicto no se mencionó la causa de acción o reclamación contingente de división de bienes gananciales. La Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, específicamente, que en el edicto se hará constar, entre otras cosas, la *naturaleza del pleito*. En cualquier caso en que se incluya más de una causa de acción y se tenga que emplazar mediante edicto, se requiere que en éste se haga constar la naturaleza de todas las reclamaciones. Sólo así podrá quedar el demandado sometido a la jurisdicción del tribunal con relación a todas ellas. La naturaleza de esta clase de pleito es mixta; está compuesta por *todas* las reclamaciones o causas de acción contenidas en la demanda.

En el caso que el demandado Barreto Lima alega da base a que surja la defensa de cosa juzgada, éste pretendió ejercer dos (2) causas de acción: una principal, la de divorcio, y otra contingente, la de división de bienes gananciales. Estas son distintas y enteramente separables. Sin embargo, en el edicto hizo constar como la naturaleza del pleito a una sola de éstas, la principal, la de divorcio. Bajo esas circunstancias, el tribunal sólo adquirió jurisdicción sobre la entonces demandada, señora Márquez Resto, para resolver la causa de acción mencionada en el edicto, la de divorcio.

El hecho de que se le enviara a la señora Márquez Resto, a su última dirección conocida, por correo certificado con acuse de recibo, una copia del emplazamiento y la demanda, no subsana esta omisión. Es la combinación de ambos requisitos, la publicación del edicto con toda la

información requerida y el envío de la copia del emplazamiento y la demanda a la última dirección conocida de la parte demandada, lo que hace que este mecanismo de emplazamiento mediante edicto tenga una probabilidad razonable de notificar a la parte demandada sobre las acciones entabladas en su contra, permitiéndole así poder hacer una decisión informada sobre si comparece o no a defenderse. Además, no podemos interpretar que queda al arbitrio de la parte demandante el decidir cuál de las causas de acción hace constar en el edicto y luego pretender que el tribunal haya adquirido jurisdicción sobre el demandado en todas.

De todo lo anterior surge con meridiana claridad que el tribunal de instancia, en *Carlos R. Barreto v. Myrta Márquez*, Caso Civil Núm. CD-92-1123, sólo adquirió jurisdicción sobre la allí demandada señora Márquez Resto para resolver el divorcio. Por lo tanto, la acción anterior no podía servir de base para aducir la defensa de cosa juzgada con relación a la acción sobre división de bienes gananciales instada por la señora Márquez Resto.

Por las razones antes expuestas, *se expedirá el recurso presentado y se dictará sentencia revocatoria del dictamen del Tribunal de Circuito que anuló la sentencia de divorcio. También se revocará la sentencia desestimatoria del Tribunal de Primera Instancia, por ser improcedente la determinación sobre cosa juzgada, y se devolverá el caso al foro de instancia para que se continúen los procedimientos de forma compatible con esta opinión.*

El Juez Asociado Señor Negrón García emitió una opinión concurrente. El Juez Asociado Señor Rebollo López no intervino.

## — O —

Opinión concurrente del Juez Asociado Señor Negrón García.

### I

El 6 de abril de 1992, Carlos R. Barreto Lima presentó ante el Tribunal de Distrito, Sala de Fajardo, una demanda denominada *Divorcio*, contra la Sra. Mirta Márquez Resto, *por la causal de separación.* Además de las alegaciones específicas sobre esa causal, adujo alegaciones típicas de *división de bienes gananciales*, tales como *que durante el matrimonio nunca adquirieron bienes inmuebles, no se contrajeron deudas y que el mobiliario del hogar existente pertenecía a* la señora Márquez Resto, por lo que *se los cedía en su totalidad a ella.*([1])

Suplicó que se decretara disuelto el vínculo matrimonial "con los demás pronunciamientos que en *derecho correspondan".* Demanda de 6 de abril de 1992, pág. 1.

El 5 de mayo, Barreto Lima suscribió una declaración jurada y solicitó que se le permitiera emplazar a la señora Márquez Resto mediante edictos. Adujo que ella se encontraba fuera de la jurisdicción de Puerto Rico y no podía ser emplazada personalmente. Señaló como última dirección conocida 8151 N.W. 27th. Ave., Miami, Florida.

El 22 de junio de 1992 el foro de instancia autorizó tal solicitud. El aviso, que fue publicado en el periódico *El Vocero de Puerto Rico* el 23 de julio de 1992, disponía:

Por la presente se le notifica y se le emplaza que en este Tribunal *se ha radicado una Demanda de Divorcio por la cau-*

---

([1]) Sobre este extremo, tales alegaciones exponían lo siguiente:

"4. Que durante el matrimonio no se adquirieron bienes inmuebles pero s[í] mobiliario para el hogar [y que] no se contrajeron deudas.

"5. Que el mobiliario para el hogar pertenece todo a la demandada ya que el peticionario cede cualquier partición de derecho que tenga sobre el mismo." Demanda de 6 de abril de 1992, pág. 1.

*sal de Separación* contra usted en la cual CARLOS R. BARRETO, es la parte Demandante. El Abogado de la parte Demandante lo es el Lcdo. Irving Díaz Casillas con dirección en Calle Victoria #7, (Bajos), Fajardo, Puerto Rico 00738, Tel: 863–5400. Este edicto se publicará una vez y podrá la demandada oponerse dentro de 30 días después de publicarse este edicto. De así no hacerlo el Tribunal dictará sentencia sin más citarle ni oírle. (Énfasis suplido.)

Además, *se le envió a la señora Márquez Resto copia de la demanda* y de la notificación a la última dirección conocida. La señora Márquez Resto no compareció. El 10 de septiembre recayó la *sentencia en rebeldía*, la cual *declaró con lugar la demanda*. El 23 de septiembre de 1992 el tribunal notificó de dicha sentencia al abogado de Barreto Lima, licenciado Díaz Casillas, a la señora Márquez Resto, mediante edicto, y al Registro Demográfico.

Así las cosas, el *27 de diciembre de 1994* la señora Márquez Resto presentó una acción sobre *División de Bienes Gananciales*. Ella reconoció que su matrimonio había sido disuelto mediante la aludida sentencia de divorcio, final y *firme*, dictada el 10 de septiembre de 1992. Alegó, en síntesis, que durante el matrimonio la extinta sociedad legal de gananciales Barreto-Márquez, había adquirido *bienes inmuebles consistentes en una parcela de terreno y una edificación de dos (2) plantas sita en la Comunidad Saldaña del barrio Paraíso de Fajardo, por un valor de veinte mil dólares ($20,000)*. Además, enumeró varios bienes muebles que a esa fecha *no habían sido divididos*.

*Barreto Lima solicitó la desestimación.* Sostuvo que la sentencia de divorcio consignó que no habían adquirido bienes inmuebles durante el matrimonio; sólo el mobiliario del hogar cedídole a la señora Márquez Resto. Adujo que como dicha sentencia *era final y firme*, la acción de división de bienes gananciales constituía *cosa juzgada y operaba como impedimento colateral*. El tribunal de instancia (Hon. Felipe Colón Rivera, Juez), el 8 de mayo de 1995, accedió y dictó una breve *sentencia desestimatoria*.

No conforme, la señora Márquez Resto apeló al Tribunal de Circuito de Apelaciones.([2]) Previo los trámites de rigor, el reputado foro apelativo (Hons. Rivera de Martínez, Cabán Castro y Martínez Torres, Jueces)([3]) declaró *nula* la sentencia de divorcio. Se fundó en que el emplazamiento mediante edictos no cumplió con los requisitos de la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, porque, *según el texto del edicto*, no se le notificó a la señora Márquez Resto que, *además* de la acción de divorcio por separación, *se había iniciado un procedimiento para la liquidación de los bienes de la sociedad legal de gananciales*. Ante esa situación concluyó que el tribunal de instancia nunca adquirió jurisdicción sobre ella.

Acudió ante nos Barreto Lima.([4]) Mediante orden de

---

([2]) En su escrito señaló los errores siguientes:

"a) Incidió el tribunal de instancia al darle efecto de cosa juzgada a la sentencia de divorcio toda vez que no existe identidad de causas.

"b) Incidió el tribunal de instancia al desestimar la demanda basándose en una sentencia en rebeldía nula puesto que la misma concede un remedio distinto al solicitado.

"c) Incidió el tribunal de instancia al desestimar la demanda dándole eficacia de cosa juzgada a una sentencia que no es firme.

"d) Incidió el tribunal de instancia al desestimar la demanda dándole eficacia de cosa juzgada a una sentencia dictada sin jurisdicción." Sentencia del Tribunal de Circuito de Apelaciones, pág. 2.

([3]) El Juez Hon. Martínez Torres disintió al entender que procedía la defensa de cosa juzgada.

([4]) Alega la comisión de los errores siguientes:

"A. ERRÓ EL TRIBUNAL DE CIRCUITO DE APELACIONES, CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO, AL REVOCAR LA SENTENCIA DICTADA POR EL TRIBUNAL DE PRIMERA INSTANCIA, SUBSECCIÓN DE DISTRITO, SALAS DE FAJARDO, AL DECLARAR NULA UNA SENTENCIA DE DIVORCIO ENTRE LAS PARTES UTILIZANDO PRUEBA DOCUMENTAL QUE NUNCA FUE SOMETIDA EN PRIMERA INSTANCIA Y QUE NO FORMABA PARTE DE LOS AUTOS ORIGINALES DEL CASO.

"B. ERRÓ EL TRIBUNAL DE CIRCUITO DE APELACIONES, CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO, AL REVOCAR LA SENTENCIA DICTADA POR EL TRIBUNAL DE PRIMERA INSTANCIA, SUBSECCIÓN DE DISTRITO, SALA DE FAJARDO, AL ANULAR COLATERALMENTE UNA SENTENCIA DE DIVORCIO TOMANDO EN CONSIDERACIÓN LA TOTALIDAD DE LAS CIRCUNSTANCIAS, LA RECURRIDA ESTABA IMPEDIDA POR SUS PROPIOS ACTOS Y POR CUESTIONES DE ORDEN PÚBLICO Y SANA ADMINISTRACIÓN DE LA JUSTICIA.

"C. ERRÓ EL TRIBUNAL DE CIRCUITO DE APELACIONES, CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO, AL REVOCAR LA SENTENCIA DIC-

mostrar causa, resolvemos si erró el Tribunal de Circuito de Apelaciones o no al concluir que la sentencia de divorcio dictada por el tribunal de instancia era nula y, de no serlo, si procedía la defensa de cosa juzgada.

## II

La Regla 4.5 de Procedimiento Civil, *supra*, especifica las circunstancias en las que una persona puede ser emplazada mediante la publicación de edictos. En lo pertinente, establece que:

> Cuando la persona a ser emplazada estuviere fuera de Puerto Rico, o estando en Puerto Rico, no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada, o si fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y *apareciere también de dicha declaraci*ón, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo que el emplazamiento se haga por edicto. (Énfasis suplido.)

En cuanto a la *forma, los términos y el contenido* del edicto, la referida regla señala lo siguiente:

> La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación diaria general en la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto, se le dirija al demandado, por correo certificado con acuse de recibo una *copia del emplazamiento y de la demanda presentada,* al lugar de su última residencia conocida, a no ser que se justifique por

TADA POR EL TRIBUNAL DE PRIMERA INSTANCIA, SUBSECCIÓN DE DISTRITO, SALA DE FAJARDO, AL NO DARLE EFECTO DE COSA JUZGADA Y/O IMPEDIMENTO COLATERAL POR SENTENCIA A LA SENTENCIA DE DIVORCIO ENTRE LAS PARTES." Petición de *certiorari*, págs. 5–6.

declaración jurada que a pesar de los esfuerzos realizados, con expresión de éstos, no ha sido posible localizar residencia alguna conocida del demandado, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

*El contenido del edicto deberá constar de la siguiente información:*

1) Título—Emplazamiento por Edicto
2) Sección y sala del Tribunal de Primera Instancia
.3) Número del caso
4) Nombre del demandante
5) Nombre del demandado a emplazarse
6) *Naturaleza del pleito*
7) Nombre, dirección y teléfono del abogado del demandante
8) Nombre de la persona que expidió el edicto
9) Fecha de expedición
10) Término dentro del. cual la persona así emplazada deberá contestar la demanda según se dispone en la Regla 10.1, y advertencia a los efectos de que si no contesta la demandada radicando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se le dictará sentencia concediendo el remedio solicitado sin más citarle ni oírle.

Si la demanda fuere enmendada en cualquier fecha anterior a la de la comparecencia del demandado que hubiere sido emplazado por edictos, dicha demanda enmendada deberá serle notificada en la forma dispuesta por la regla de emplazamiento aplicable al caso. (Énfasis suplido.) Regla 4.5 de Procedimiento Civil, *supra.*

Conforme a la regla antes transcrita, en el texto del edicto debe hacerse constar la *naturaleza del pleito*; no se exige que en él se reproduzcan las alegaciones de la demanda que expongan las reclamaciones o causas de acción que se aducen contra el demandado. Esa información, claro está, surgirá de la copia de la demanda que debe remitírsele diez (10) días después de la publicación del edicto. Cumplido fielmente este trámite, la persona queda sometida a la jurisdicción del tribunal, *sólo con respecto a esas alegaciones de la demanda.*([5])

---

([5]) Razón por la cual, la Regla 43.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

"Toda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones; *sin*

A su vez, tales alegaciones deberán contener una relación sucinta y sencilla de la reclamación, demostrativa de que el actor tiene derecho y pide un remedio. Regla 6.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. De ahí que deberán alegarse correctamente los hechos específicos, de su faz demostrativos que, de ser probados, será acreedor al remedio reclamado, *incluso en situaciones de rebeldía. Continental Ins. Co. v. Isleta Marina*, 106 D.P.R. 809, 815–816 (1978). A fin de cuentas, son las alegaciones en la demanda las que deben cumplir con la función de ofrecer una notificación razonable a la parte adversa de la naturaleza y los fundamentos de la reclamación. *Rivera Flores v. Cía. ABC*, 138 D.P.R. 1 (1995).

## III

En el caso de autos, nadie ha cuestionado la suficiencia y corrección de las alegaciones en torno de la causal de separación y la procedencia del decreto de divorcio. Tampoco cabe argumentar acerca de ella que el edicto publicado satisfizo todos los requisitos formales. Aun así, el reputado Tribunal de Circuito de Apelaciones lo anuló al concluir que el edicto debió mencionar, bajo el palio de *"la naturaleza del pleito"*, la acción para división de la sociedad legal de gananciales. *Erró.*

Además del divorcio, la reclamación de Barreto Lima contenía una acción sobre división de bienes gananciales. Un examen de las alegaciones 5ta y 6ta de su demanda, bajo el prisma de mayor liberalidad posible, nos lleva a concluir que éstas intentaron exponer sucintamente una reclamación sobre división de unos bienes gananciales allí mencionados, la renuncia de Barreto Lima a éstos y la ausencia de acreedores contra la sociedad de gananciales. Ciertamente cumplieron con la función de ofrecerle a la

---

*embargo, una sentencia en rebeldía no será de naturaleza distinta ni excederá en cuantía a lo que se haya pedido en la solicitud de sentencia."* (Énfasis suplido.)

señora Márquez Resto una adecuada notificación sobre esa reclamación de división de bienes gananciales incoada en su contra. *Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737 (1994); *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 D.P.R. 829 (1992); *Polanco v. Tribunal Superior*, 118 D.P.R. 350, 358–359 (1987).

Ahora bien, aun cuando la señora Márquez Resto fue válidamente emplazada, el tribunal de instancia no podía decretar *en la misma sentencia de divorcio* la división de los bienes gananciales. Nos explicamos.

Procesalmente hablando, se trata de una *reclamación contingente* (división de bienes gananciales), cuyo ejercicio dependerá de la adjudicación de la principal (divorcio), que *el tribunal no la resolverá hasta que adjudique la principal*, esto es, después de que la sentencia en la acción principal advenga *final y firme*. Regla 14.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Rodón v. Fernández Franco*, 105 D.P.R. 368, 383 (1976). La reclamación se hará con la misma suficiencia exigible como si fuera ésta promovida por separado, o sea, satisfará todos los requisitos dispuestos en las reglas sobre alegaciones. 6A *Wright and Miller, Federal Practice and Procedure 2d* Sec. 1591, págs. 561–564 (1990).

En lo *sustantivo*, es menester reconocer que las reglas de procedimiento no pueden menoscabar, ampliar o modificar los derechos sustantivos de las partes. Art. V, Sec. 6, Const. E.L.A., L.P.R.A., Tomo 1; *Rivera v. Cotto*, 68 D.P.R. 655, 658 (1948). La acumulación y adjudicación de una reclamación contingente está sujeta a esa limitación. Exploremos esa dimensión, mediante un *brevísimo* repaso de la materia en cuestión.

Nuestro Código Civil ordena que con "la sociedad de gananciales, el marido y la mujer harán suyos por mitad, al *disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio*". (Énfasis suplido.) Art. 1295 del Có-

digo Civil, 31 L.P.R.A. sec. 3621. Los efectos del divorcio están descritos y delimitados en los Arts. 105 a 109 del Código Civil, 31 L.P.R.A. secs. 381–385. Por su parte, el Art. 105 del Código Civil, *supra*, dispone que "el divorcio lleva consigo la ruptura completa del vínculo matrimonial y la separación y bienes de todas clases entre los cónyuges". En otras palabras, *una vez el matrimonio es disuelto mediante una sentencia de divorcio, es que concluye la sociedad de gananciales existente hasta ese momento. Calvo Mangas v. Aragonés Jiménez*, 115 D.P.R. 219, 228 (1984); Arts. 105 y 1315 del Código Civil, 31 L.P.R.A. secs. 381 y 3681.

Si aplicamos esta normativa sustantiva a la esfera procesal, evidentemente el tribunal de instancia *carecía de autoridad* para liquidar la sociedad, toda vez que tenía que *esperar* que la sentencia de divorcio adviniera *final y firme*,[6] previo el trámite correspondiente. Es decir, la reclamación contingente —acción de división de bienes gananciales y su liquidación— *surgió como consecuencia de su sentencia de divorcio* (acción principal), por lo que *era prematuro ordenar la liquidación simultánea en la misma sentencia*. Cualquier pronunciamiento al efecto no surtió efecto adjudicativo y, por ende, no cabía aplicar la defensa de cosa juzgada a la acción posterior incoada por la señora Márquez Resto sobre división de sociedad de gananciales.

Por estos fundamentos concurrimos con el resultado de la opinión del Tribunal que revoca el dictamen del Tribunal de Circuito de Apelaciones, que anuló la sentencia de divorcio; también, con la revocación de la sentencia desestimatoria del Tribunal de Primera Instancia, por ser improcedente la defensa de cosa juzgada.

---

(6) Tomamos conocimiento judicial de la práctica, en divorcio por mutuo consentimiento, de acordar la liquidación de la sociedad legal de gananciales como una estipulación integral en la que las partes estipulan la firmeza del divorcio desde el momento mismo del divorcio.