ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CARLOS M. CABRERA COLÓN<br><br>APELADOS<br><br>V.<br><br>EDGARDO SANTIAGO LLORÉNS, JANE DOE Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS: ACMÉ: LOURDES M. PEÑA SANTIAGO<br><br>APELANTES | TA2026AP00262 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Mayagüez<br><br>Caso Núm. PO2023CV02787<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece Edgardo Santiago Lloréns (señor Santiago Lloréns o el apelante), y solicita la revocación de la Sentencia *Parcial* emitida el 5 de febrero de 2026, por el Tribunal de Primera instancia Sala de Mayagüez (TPI o foro primario), notificada el 9 de febrero de 2026. Mediante la referida *Sentencia Parcial* el foro primario desestimó sin perjuicio, por falta de jurisdicción sobre la persona, la *Demanda contra Tercero* presentada por el apelante.

Por los fundamentos que expondremos a continuación modificamos la *Sentencia Parcial* apelada.

**I.**

El 13 de septiembre de 2023, el Sr. Carlos M. Cabrera Colón (señor Cabrera Colón o el apelado), presentó Demanda sobre daños y perjuicios en contra del señor Santiago Lloréns, Jane Doe, la Sociedad Legal de Gananciales compuesta por ambos y otras partes demandadas.[1]

---

[1] *Véase,* Entrada Núm. 1 de SUMAC TPI en el caso Civil Núm. PO2023CV02787.

Posteriormente, el 6 de noviembre de 2023, el apelante presentó *Contestación a Demanda, Reconvención y Demanda contra Terceros.*[2] El emplazamiento contra la parte demandada contra tercero, la Sra. Lourdes M. Peña Santiago (señora Peña Santiago o demandada contra tercero) se diligenció el día 27 de noviembre de 2023.[3]

El 27 de diciembre de 2023, la señora Peña Santiago presentó una Comparecencia Especial ante el TPI en la que solicitó prórroga inicial para responder a la Demanda de Tercero.[4] Mediante Orden de 3 de enero de 2024, notificada el 9 de enero de 2024, el foro primario concedió la prórroga inicial solicitada por la señora Peña Santiago.[5]

Tras varios incidentes procesales, el 29 de mayo de 2024, la señora Peña Santiago compareció ante el foro primario como demandada contra tercero, mediante *Moción de Comparecencia Especial y en Solicitud de Desestimación por falta de Jurisdicción sobre la Persona.*[6] Allí expuso que, aunque el 27 de noviembre de 2023 le fue diligenciado un emplazamiento, este no incluyó ni fue diligenciado a la Sociedad Legal de Gananciales, por lo que transcurrió el término dispuesto en las Reglas de Procedimiento Civil sin que se adquiriera jurisdicción sobre esta. De igual forma, la señora Peña Santiago señaló además, que su comparecencia previa fue a los únicos fines de solicitar prórroga sin someterse a la jurisdicción y procedió a solicitar la desestimación de la Demanda contra Tercero, por falta de jurisdicción sobre su persona.

En igual fecha, 29 de mayo de 2024, el señor Santiago Lloréns presentó *Moción en Réplica y/o en Oposición a "Moción de Comparecencia Especial y en Solicitud de Desestimación por Falta de Jurisdicción sobre la Persona" Entrada 55 de SUMAC.*[7] En síntesis, el aquí apelante, alegó que del expediente surgía evidencia del diligenciamiento correcto del emplazamiento y que no era necesario un

---

[2] *Véase,* Entrada Núm.10 de SUMAC TPI en el caso Civil Núm. PO2023CV02787.
[3] *Véase,* Entrada Núm. 27 de SUMAC TPI en el caso Civil Núm. PO2023CV02787.
[4] *Véase,* Entrada Núm. 31 de SUMAC TPI en el caso Civil Núm. PO2023CV02787.
[5] *Véase,* Entrada Núm. 32 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.
[6] *Véase,* Entrada Núm. 55 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.
[7] *Véase,* Entrada Núm. 56 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.

emplazamiento adicional e independiente para la Sociedad Legal de Gananciales compuesta por esta y el señor Cabrera Colón. A esos fines, el apelante solicitó al foro primario que denegara la solicitud de desestimación de la Demanda contra Tercero presentada por la señora Peña Santiago y que procediera con la anotación de rebeldía.[8]

El 20 de junio de 2024, el foro primario emitió *Resolución* en la que declaró con lugar la *Moción de Comparecencia Especial y en Solicitud de Desestimación por falta de Jurisdicción sobre la Persona* presentada por la señora Peña Santiago.[9] En esencia, el TPI concluyó que aunque se acreditó el emplazamiento diligenciado a la señora Peña Santiago, como tercera demandada, no constaba que se hubiese emplazado a su esposo, el señor Cabrera Colón, requisito indispensable conforme a la Regla 4.4(e) de Procedimiento Civil, por lo que resolvió que el foro primario carecía de jurisdicción sobre la Sociedad Legal de Gananciales, al no haberse diligenciado el emplazamiento a ambos cónyuges.[10]

En desacuerdo, el 21 de junio de 2024, el señor Santiago Lloréns presentó *Moción de Reconsideración y* alegó que incidió el TPI al concluir que no se había emplazado a uno de los cónyuges.[11] Sobre esos extremos, el aquí apelante arguyó que el señor Cabrera Colón, esposo de la señora Peña Santiago, tercera demandada, era ya parte demandante en el pleito y se encontraba sometido a la jurisdicción del Tribunal, por lo que era improcedente exigir un nuevo emplazamiento para este.[12] El señor Santiago Lloréns esbozó que requerir dicho emplazamiento constituía un trámite innecesario y contrario a la finalidad del emplazamiento, toda vez que el señor Cabrera Colón, como parte demandante, tenía conocimiento de la demanda contra tercero y de las alegaciones formuladas en su contra.[13]

---

[8] *Id.*
[9] *Véase* Entrada Núm. 66 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.
[10] *Id.*
[11] *Véase* Entrada Núm. 72 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.
[12] *Id.*
[13] *Id.*

El 28 de junio de 2024, el foro primario emitió *Resolución y Orden* en la que reconsideró la *Resolución* de 20 de junio de 2024.[14] Concluyó el foro primario, que el señor Cabrera Colón, como demandante, se sometió voluntariamente a la jurisdicción, que fue notificado de la reclamación mediante la *Contestación a Demanda, Reconvención y Demanda contra Tercero* y que la señora Peña Santiago, fue traída al caso mediante demanda contra tercero, la cual le fue notificada mediante el correspondiente emplazamiento y entrega de la demanda contra tercero.[15] Así las cosas, el foro primario concluyó en reconsideración, que ambos cónyuges fueron emplazados y notificados de las reclamaciones en contra de la Sociedad Legal de Gananciales y estaban bajo la jurisdicción del Tribunal, así como la sociedad legal de gananciales compuesta por ambos.

Inconformes con la *Resolución y Orden* que reconsideró la *Resolución* de 20 de junio de 2024, la señora Peña Santiago, como tercera demandada, y el señor Cabrera Colón, como demandante reconvenido, presentaron *Moción de Reconsideración* ante el TPI, el 3 de julio de 2024.[16] La señora Peña Santiago esbozó que únicamente se diligenció un emplazamiento a su persona, como tercera demandada, y que la normativa procesal vigente exige la expedición y diligenciamiento individual de los emplazamientos a ambos cónyuges, por lo que la ausencia de cumplimento con este requisito impidió que se adquiriera jurisdicción sobre la Sociedad Legal de Gananciales compuesta por esta y el señor Cabrera Colón.[17] Finalmente, la señora Peña Santiago solicitó al foro primario la reconsideración de la *Resolución y Orden* de 28 de junio de 2024, que a su vez reconsideró la *Resolución* de 20 de junio de 2024. A esos fines, la señora Peña Santiago solicitó expresamente al foro primario que reinstalara dicha *Resolución* de 20 de junio de 2024, que determinó inicialmente la falta de jurisdicción sobre la Sociedad Legal de

---

[14] *Véase* Entrada Núm. 85 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.
[15] *Id.*
[16] *Véase* Entrada Núm. 86 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.
[17] *Id.*

Gananciales compuesta por la señora Peña Santiago y el señor Cabrera Colón.

Mediante *Sentencia Parcial* emitida el 5 de febrero de 2026, notificada el 9 de febrero del corriente año, el foro primario concluyó que en ausencia de un emplazamiento que cumpliera con los requisitos exigidos por la Regla 4.4(e) de Procedimiento Civil, y habiendo transcurrido el término dispuesto por la Regla 4.3(c) de Procedimiento Civil para ello, el TPI no adquirió jurisdicción *in personam*, ni sobre la señora Peña Santiago ni sobre la Sociedad Legal de Gananciales compuesta por esta y el señor Cabrera Colón, por lo que declaró *Con Lugar* la *Moción de Reconsideración* presentada el 3 de julio de 2024, por la señora Peña Santiago y el señor Cabrera Colón. Expresamente, el foro primario dejó sin efecto la determinación previa que reconocía jurisdicción sobre dicha parte y sobre la Sociedad Legal de Gananciales. Razonó el foro primario que el hecho de que el señor Cabrera Colón, como demandante, se hubiese sometido voluntariamente a la jurisdicción del TPI al radicar la demanda principal, no suplía el requisito formal del emplazamiento respecto a una demanda contra tercero, a los fines de vincularlo, junto a su cónyuge, como parte demandada en una capacidad distinta. Destacó además, que **"la comparecencia voluntaria en un rol procesal no sustituye el acto jurisdiccional indispensable del emplazamiento cuando se persigue traer a una persona natural o a una entidad jurídica ante el Tribunal en una reclamación separada"**.

Inconforme el señor Santiago Lloréns presentó el recurso de epígrafe y como único señalamiento de error sostiene lo siguiente:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE MAYAGÜEZ AL DESESTIMAR LA DEMANDA CONTRA TERCERO POR FALTA DE JURISDICCIÓN *IN PERSONAM*.

Por su parte, el 13 de abril de 2026, compareció ante nos el señor Cabrera Colón, mediante *Alegato de la parte Apelada.*[18] En esencia, el apelado sostiene que surge del expediente que el emplazamiento expedido el 10 de noviembre de 2023 y diligenciado el 27 de noviembre

---

[18] *Véase* Entrada Núm. 3 de SUMAC TA.

de 2023 estuvo dirigido únicamente a la señora Peña Santiago, sin que conste que dicho emplazamiento -ni ningún otro- incluyera lenguaje alguno que indicara que se le estaba emplazando en representación de la Sociedad Legal de Gananciales, ni que se hubiesen expedido emplazamientos individuales a ambos cónyuges en dicha capacidad. De igual forma, señala que de las aseveraciones de la Demanda de Terceros tampoco surge la existencia de esa causa de acción para el apelante - como tercero-demandante,- por virtud de la falta de jurisdicción sobre la Persona de la Sociedad Legal de Gananciales compuesta por el señor Cabrera Colón y la señora Peña Santiago.

Evaluados los escritos de las partes, y la *Sentencia Parcial* objeto de Apelación, estamos en posición de resolver.

## II.

## -A-

.        La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 10.2, establece los fundamentos para que una parte pueda solicitar la desestimación de una demanda presentada en su contra, a saber: falta de jurisdicción sobre la materia o la persona, **insuficiencia del emplazamiento o su diligenciamiento**, **dejar de exponer una reclamación que justifique la concesión de un remedio** o dejar de acumular una parte indispensable. Al resolverse una moción de desestimación, "[e]l tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428, (2008*); Colón v. Lotería*, 167 DPR 625, (2006).

En lo pertinente al emplazamiento, este constituye "el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial" dentro de nuestro sistema adversativo judicial. *Acosta v. ABC, Inc.*, 142 DPR 927 (1997); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15 (1993); *Pagán v. Rivera Burgos*, 113 DPR 750 (1983). Por un

lado, el emplazamiento persigue notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra y garantizarle su derecho a ser oído y defenderse. *Banco Popular v. S.L.G. Negrón,* 164 DPR 855 (2005); *Datiz v. Hospital Episcopal*, 163 DPR 10 (2004)*; Bco. Central Corp. v. Capitol Plaza, Inc.*, 135 DPR 760 (1994). De otra parte, constituye el medio por el que los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita. *Banco Popular v. S.L.G. Negrón, supra*; *Márquez v. Barreto*, 143 DPR 137 (1997).

El emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre el demandado, a fin de que éste quede obligado por el dictamen que, en su día, emita el foro judicial. *Cirino González v. Adm. Corrección*, 190 DPR 14, 30 (2014); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005); *Márquez v. Barreto*, 143 DPR 137, 142 (1997). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Banco Popular v. S.L.G. Negrón, supra; Global v. Salaam*, 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004); *Medina Garay v. Medina Garay*, 161 DPR 806 (2004). Por lo tanto*,* su adulteración constituye una flagrante violación al trato justo*. Lucero v. San Juan Star*, 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993). Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015)

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4. En particular, dicho precepto legal dispone que una parte que

interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda, para su expedición inmediata por el Secretario o Secretaria del Tribunal. Regla 4.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4.1. Expedido el emplazamiento, la parte que solicita el mismo cuenta con un término de ciento veinte (120) días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4.3(c). En caso de que transcurra el referido término de ciento veinte (120) días y este no se diligencie, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio del caso ante su consideración. *Íd.* Al respecto, el Tribunal Supremo de Puerto Rico ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374–375 (2000); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998); Rodríguez v. Nasrallah, 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume*, 157 DPR 562, 579 (2002). Las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho Constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". *Véase,* R. Hernández Colón, Práctica Jurídica de Puerto Rico Derecho Procesal Civil, 6ta ed., LexisNexis, 2017, pág. 257. En ese sentido, es preciso señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado […]". *Lonzo Llanos v. Banco de la Vivienda*, 133 DPR 509, 512 (1993); *Reyes v. Oriental Fed. Savs. Bank*, supra, en la pág. 21.

En lo pertinente al diligenciamiento del emplazamiento a la Sociedad Legal de Gananciales, la Regla 4.4(e) de Procedimiento Civil, *supra*, dispone que se realizará "entregando copia del emplazamiento y de la demanda a ambos cónyuges". 32 LPRA Ap. V, R. 4.4(e) Sobre estos extremos, es doctrina reiterada que cuando se demande a la sociedad de gananciales, el diligenciamiento del emplazamiento deberá realizarse "a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos". *Torres Zayas v. Montano Gómez* 199 DPR 458, 471 (2017).

Asimismo, en *Torres Zayas v. Montano Gómez*, *supra*, en la nota al calce número 5 a la página 471, se instruye a lo siguiente:

> **La práctica a seguir para un correcto emplazamiento de la Sociedad Legal de Bienes Gananciales es que, mediante dos emplazamientos, se emplace individualmente a cada uno de los cónyuges por sí y en representación de la sociedad legal de bienes gananciales que éstos constituyen."**

> En ese sentido, huelga expedir **un tercer emplazamiento dirigido exclusivamente a la Sociedad Legal de Bienes Gananciales. Siendo ello así, basta con expedir un emplazamiento para "(nombre del cónyuge A), por sí y en representación de la Sociedad Legal de Bienes Gananciales", y uno para "(nombre del cónyuge B), por sí y en representación de la Sociedad Legal de Bienes Gananciales.**

La Sociedad Legal de Gananciales es uno de los regímenes legales que regulan el aspecto económico de la institución del matrimonio; está compuesta por ambos cónyuges y es susceptible de adquirir bienes, derechos y obligaciones. Arts. 507-545 del Código Civil, 31 LPRA secs. 6951-7024.

Bajo el régimen económico de Sociedad Legal de Bienes Gananciales, los cónyuges figuran como codueños y administradores de todo el patrimonio matrimonial sin adscribírsele cuotas específicas a cada uno. *SLG Báez-Casanova v. Fernández*, 193 DPR 192 (2015); *Montalván v. Rodríguez*, 161 DPR 411, 420 (2004); *Roselló Puig v. Rodríguez* Cruz, 183 DPR 81, 93 (2011). Por su naturaleza, la Sociedad Legal de Bienes Gananciales se trata de una entidad con personalidad jurídica propia y separada de los dos miembros que la componen. *SLG Báez-Casanova v. Fernández*, *supra*; *Pauneto v. Núñez,* 115 DPR 591, 594 (1984); *Int'l*

*Charter Mortgage Corp. v. Registrador*, 110 DPR 863 (1981). La misma "no absorbe la personalidad individual de los cónyuges que la integran". *Pagán Rodríguez v. Registradora*, 177 DPR 522, 542 (2009); *Vega v. Bonilla*, 153 DPR 588, 592 (2001); *Ríos Román v. Cacho,* 130 DPR 817, 822 (1992). Cónsono con ello, históricamente, la figura de la Sociedad Legal de Bienes Gananciales se ha tratado como una entidad económica familiar *sui generis* que no tiene el mismo grado de personalidad jurídica que las sociedades ordinarias o entidades corporativas. *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 978 (2010); *Reyes Castillo v. Cantera Ramos*, 139 DPR 925, 928 (1996), *Int'l Charter Mortgage Corp. v. Registrador, supra*.

**III.**

Es la contención principal del señor Santiago Lloréns que incidió el foro primario al desestimar la Demanda contra Tercero por falta de jurisdicción sobre la persona. Arguye el apelante que el señor Cabrera Colón se sometió a la jurisdicción del tribunal al presentar la Demanda original y que al emplazarse a la señora Peña Santiago, como tercera demandada, se emplazó también a la Sociedad Legal de Gananciales compuesta por ambos.

En el caso de epígrafe, el emplazamiento diligenciado a la señora Peña Santiago, como tercera demandada, no incluyó a la Sociedad Legal de Gananciales. Tampoco se emplazó a su esposo, el señor Cabrera Colón, ni en su carácter personal ni como miembro de la Sociedad Legal de Gananciales, requisito indispensable conforme a la Regla 4.4(e) de Procedimiento Civil, para adquirir jurisdicción sobre la Sociedad Legal de Gananciales, compuesta por ambos.

El apelante, como parte **demandada-reconveniente y tercero demandante** tenía la obligación, por virtud de nuestro ordenamiento procesal vigente, de remitir a la atención de la secretaria del TPI dos (2) emplazamientos para su expedición. El primero de ellos a nombre del señor Cabrera Colón en representación de la Sociedad Legal de Bienes

Gananciales compuesta por este y la señora Peña Santiago, tercera demandada, y el segundo a nombre de la señora Peña Santiago por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por esta con el señor Cabrera Colón. Este evento nunca sucedió y por ello lo resuelto por el foro primario en la *Resolución* de 20 de junio de 2024 fue lo correcto, toda vez que dicho foro no adquirió jurisdicción sobre la Sociedad Legal de Gananciales al no haberse emplazado ni diligenciado el emplazamiento a ambos cónyuges.

Para que el Tribunal adquiera jurisdicción sobre la sociedad ganancial, del emplazamiento debe surgir de manera clara e inteligible que se está requiriendo la comparecencia del cónyuge por sí y en representación de la Sociedad Legal de Gananciales, conforme lo dispone la Regla 4.4(e) de Procedimiento Civil, *supra*. La Sociedad Legal de Gananciales posee personalidad jurídica propia y distinta de la de los cónyuges que la componen, por lo que no basta con que la demanda contenga alegaciones dirigidas contra dicha entidad ni con que los cónyuges hayan sido emplazados en su carácter personal.

En el caso que nos ocupa, en ausencia de un emplazamiento que cumpliera con los requisitos que exige la Regla 4.4(e), *supra*, y habiendo transcurrido el término dispuesto por la Regla 4.3(c) de Procedimiento Civil, *supra*, **el foro primario no adquirió jurisdicción sobre la Sociedad Legal de Gananciales compuesta por la señora Peña Santiago y el señor Cabrera Colón. La normativa procesal vigente exige la expedición y diligenciamiento individual de los emplazamientos a ambos cónyuges, por lo que la ausencia de cumplimento con este requisito impidió que se adquiriera jurisdicción sobre la Sociedad Legal de Gananciales compuesta por la señora Peña Santiago y el señor Cabrera Colón. <u>El hecho de que el señor Cabrera Colón como demandante original, se hubiese sometido voluntariamente a la jurisdicción del TPI al radicar la demanda principal no suplió el requisito formal del emplazamiento</u>**

**respecto a una demanda contra tercero, a los fines de vincularlo, junto a su cónyuge, como parte demandada en una capacidad distinta.**

**Ahora bien, es preciso destacar, que la señora Peña Santiago, como tercera demandada, y el señor Cabrera Colón, como demandante reconvenido, presentaron *Moción de Reconsideración* ante el TPI, el 3 de julio de 2024 y que allí la señora Peña Santiago esbozó que únicamente se diligenció un emplazamiento a su persona, como tercera demandada**.[19]

Conforme a lo expuesto anteriormente, concluimos que **no incidió el foro primario** al reconsiderar su *Resolución y Orden* del 28 de junio de 2024 , y al restablecer la *Resolución* del 20 de junio de 2024 en la que correctamente dictaminó que carecía de jurisdicción sobre la Sociedad Legal de Gananciales compuesta por la señora Peña Santiago y el señor Cabrera Colón. **Sin embargo, somos de la opinión que en cuanto a la señora Peña Santiago** **en su carácter personal y como tercera demandada, el foro primario adquirió jurisdicción sobre su persona toda vez que esta fue correctamente emplazada**. **Así lo reconoció la señora Peña Santiago en la *Moción de Reconsideración* presentada ante el TPI, el 3 de julio de 2024. Surge además del expediente que esta se sometió a la jurisdicción del tribunal mediante comparecencias previas. Un tribunal puede adquirir jurisdicción sobre una persona mediante la sumisión voluntaria de la parte demandada a la autoridad judicial.** *Márquez v. Barreto*, 143 DPR 137, 143 (1997). **Dicha sumisión puede ser expresa o tácita.** *Sterzinger v. Ramírez* 116 DPR 762 (1985). **Sobre esos extremos, concluimos que incidió el foro primario al concluir que no había adquirido jurisdicción sobre la señora Peña Santiago como tercera demandada.**

---

[19] *Véase* Entrada Núm. 86 de SUMAC TPI en el caso Civil Núm. PO2023CV02782.

**IV.**

Por los fundamentos anteriormente los cuales hacemos formar parte de esta Sentencia, modificamos la *Sentencia Parcial* apelada a los únicos fines de concluir que el foro primario adquirió jurisdicción únicamente sobre la señora Peña Santiago como tercera demandada. Así modificada, confirmamos los demás extremos de la *Sentencia Parcial* apelada mediante los cuales el foro primario reinstaló la *Resolución* del 20 de junio de 2024, en la que se declaró sin jurisdicción sobre Sociedad Legal de Gananciales compuesta por la señora Peña Santiago y el señor Cabrera Colón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones