Marta M. Ríos Román, recurrente, *v.* José A. Cacho Cacho, Registrador de la Propiedad, recurrido.

*Número:* RG-90-361 *Resuelto:* 23 de junio de 1992

*Edilberto Galarza Vale*, abogado de la recurrente; el Registrador de la Propiedad compareció por escrito.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Para acreditar ante el Registrador de la Propiedad la capacidad de unos cónyuges divorciados al enajenar sus bienes e inscribir la escritura de compraventa correspondiente, ¿es necesario complementarla con la sentencia de divorcio?, ¿existe una relación racional entre dicha sentencia y el documento que ha de inscribirse?

La contestación a estas dos (2) interrogantes exige una exposición suscinta del trasfondo fáctico.

I

José A. Figueroa Díaz y Juanita Román Torres adquirieron una parcela rústica situada en el Bo. Florida Afuera, Barceloneta, de la Administración de Programas Sociales. Conforme a la certificación otorgada por el Director Ejecutivo de dicha administración, estaban casados entre sí. Así quedó inscrita en el Registro de la Propiedad, Sección de Manatí, el 19 de julio de 1978.(¹) El 28 de octubre de 1989

_____

(¹) Folio noventa (90), Tomo cien (100) de Barceloneta, Finca número cinco mil noventa y siete (5,097), inscripción primera.

ambos, por conducto de sus apoderados individuales,(²) Juan Antonio Ríos Román —a nombre de José— y María Esther Agosto Maldonado —en representación de Juanita— mediante la Escritura Núm. 10 ante el notario Edilberto Galarza Vale, vendieron a Ángel L. Maldonado Díaz y a su esposa Marta M. Ríos Román la antedicha parcela. Al presentarse dicha escritura al Registro de la Propiedad se incluyeron, como documentos complementarios, las escrituras de protocolización de poder, de los cuales surgía que al ser otorgados, los mandantes y vendedores, José y Juanita, se habían divorciado. El Registrador (Hon. José A. Cacho Cacho) se negó a inscribir y exigió la "sentencia de divorcio de los vendedores. Artículos 57[, ] 64, 68 y 87 Ley Hipotecaria[;] *Alameda* vs. *Registrador*[,] 76 D.P.R. 230." Recurso Gubernativo, pág. 1.

Inconforme, Ríos Román pidió recalificación. El Registrador de la Propiedad reafirmó su negativa y anotó preventivamente por sesenta (60) días.

## II

Ante nos Ríos Román cuestiona ese requerimiento. Lo tacha de irrazonable. Argumenta que es injusto y perjudicial a los intereses económicos de los compradores, pues los vendedores están fuera de Puerto Rico y su cumplimiento requeriría su autorización y otras gestiones. En contra, el Registrador de la Propiedad aduce que de la inscripción previa del inmueble surgía que los vendedores —José y Juanita— adquirieron siendo casados y ahora venden como solteros. No puede calificar responsablemente el documento de compraventa sin dicha sentencia, pues no po-

---

(²) Escritura Núm. 9 de 2 de octubre de 1989 ante el notario Edilberto Galarza Vale por Juan Antonio Ríos Román, y Escritura Núm. 26 de 21 de septiembre de 1988 ante el notario Manuel Torres Delgado, Bayamón, por María Esther Maldonado.

dría determinar la capacidad de los otorgantes vendedores y la validez del acto o contrato.(³)

## III

En su función calificadora, un Registrador de la Propiedad puede pedir documentos complementarios, "notariales, judiciales o administrativos", con los títulos o documentos principales. Art. 64 de la Ley Hipotecaria y del Registro de la Propiedad (en adelante Ley Hipotecaria), 30 L.P.R.A. sec. 2267. Los "documentos complementarios y aquellos que acrediten el cumplimiento de formalidades requeridas no causarán un asiento de presentación en el Libro Diario sino que acompañarán al título principal". Art. 58.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2003-58.1, edición especial. Omitir su presentación o no acreditar las formalidades impide la inscripción. Art. 68(4) de la Ley Hipotecaria, 30 L.P.R.A. sec. 2271(4).

El requerimiento de documentos complementarios se da cuando: "(1) por ley o por reglamento así se requiera para la inscripción de un documento; (2) del documento presentado al Registrador surja causa para creer que

---

(³) Ríos Román se queja de que el Registrador de la Propiedad, en contravención al Art. 77 de la Ley Hipotecaria y del Registro de la Propiedad (en adelante Ley Hipotecaria), 30 L.P.R.A. sec. 2280, esgrimió en su alegato fundamentos legales no mencionados ni incluidos en su denegación. No tiene razón.

El Registrador de la Propiedad no alteró el motivo fundamental que provocó su nota. El Art. 69 de la Ley Hipotecaria, en lo pertinente, dispone:

"La notificación [de la certificación] deberá contener todos los *motivos legales* en que se basa la calificación." (Énfasis suplido.) 30 L.P.R.A. sec. 2272.

Por razones obvias, la práctica prevaleciente permite al Registrador de la Propiedad notificar las faltas mediante una *nota escueta*. Aquí los argumentos legales fueron ampliados para demostrar lo indispensable que resulta la presentación de la sentencia de divorcio como documento complementario.

Advertimos que en *Kogan v. Registrador*, 125 D.P.R. 636 (1990), resolvimos que, en cuestiones meritorias, permitiríamos a un Registrador de la Propiedad incluir, por vez primera, una falta o deficiencia no incluida originalmente en su nota. Queda a nuestra discreción aceptarlos.

pueda ser inválido (*Preciosas V. Del Lago* v. *Registrador*, [110 D.P.R. 802 (1981),] y (3) el propio documento no refleje su entera validez". *Mojica Sandoz v. Bayamón Federal Savs.*, 117 D.P.R. 110, 129 (1986). Véase *Figueroa Pesante v. Registrador*, 126 D.P.R. 209 (1990). La autoridad legal para exigir que se produzcan estos documentos —limitada a esas tres (3) situaciones— "no supone la realización de indiscriminadas expediciones de pesca. El documento debe ser de tal naturaleza o contener la información que razonablemente pueda ayudarlo a realizar la más diligente y acertada calificación". Esto significa que "entre el documento solicitado y las dudas u objeciones del Registrador debe existir una relación racional". *U.S.I. Properties, Inc. v. Registrador*, 124 D.P.R. 448, 464 (1989); *Casa Blanca Properties v. Registrador*, 130 D.P.R. 609 (1992).

Después de todo, la finalidad o el propósito de este tipo de documento es complementar aquellos aspectos necesarios para hacer viable e inscribible el principal. *Alameda Tower Associates v. Muñoz Román*, 129 D.P.R. 698 (1992).

 Finalmente, no podemos olvidar el principio de *tracto sucesivo*, Art. 57 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2260, que persigue que el historial registral del inmueble aparezca sin saltos ni lagunas, y la necesidad de que las inscripciones subsiguientes, según el Art. 87(a)(4) de la Ley Hipotecaria, contengan "[e]l nombre del titular de quien procedan inmediatamente los bienes o derechos que deban inscribirse". 30 L.P.R.A. sec. 2308(a)(4). Apliquemos estos preceptos.

## IV

 En esta instancia registral existe una inscripción de la parcela a nombre de José A. Figueroa Díaz y Juanita Román Torres, casados entre sí. Ambos forman la sociedad legal de gananciales Figueroa-Román, entidad jurídica se-

parada, con personalidad propia y distinta. *Pauneto v. Núñez*, 115 D.P.R. 591 (1984), y *Cruz Viera v. Registrador*, 118 D.P.R. 911 (1987). "Los cónyuges, vigente el régimen legal de gananciales, no pueden tener cuotas separadas e independientes, sino que es la sociedad la dueña de los bienes que la componen." *Cruz Viera v. Registrador*, supra, pág. 914. La sociedad legal de gananciales no absorbe la personalidad individual de los cónyuges. *Int'l Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862 (1981).

■ En *Alameda v. Registrador*, 76 D.P.R. 230 (1954), sostuvimos que unos cónyuges divorciados eran las personas realmente interesadas en la liquidación de su sociedad legal de gananciales y que podían proceder, *de común acuerdo*, a la enajenación de sus derechos en la sociedad. Aclaramos, además, que si no existía ese acuerdo, debería prevalecer el principio de que la inscripción de la enajenación estaría sujeta a la resultancia de la liquidación de la sociedad.

No cuestionamos, pues, que los ex cónyuges, de común acuerdo, puedan vender, ceder o hipotecar cualesquiera derechos, participación, título o interés en los bienes gananciales. Sin embargo, la particularidad de este recurso es que *no se sometió documento alguno que realmente confirme que hubo el divorcio*. La escritura de compraventa no hace mención del trámite de divorcio ni de su correspondiente sentencia. Sencillamente comparecen los vendedores como solteros: sin explicación se pasa de un *status* civil a otro. ¿Cómo puede el Registrador de la Propiedad verificar esa información?

Como la sociedad legal de gananciales Figueroa-Román, entidad jurídica distinta, es la que aparece titular registral de la propiedad en cuestión, es ineludible concluir que la inscripción del documento principal (Escritura de Compraventa Núm. 10) exige la presentación de la sentencia de divorcio de los vendedores José y Juanita. Art. 87 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2308. Solo así el Registrador

de la Propiedad podrá calificar el documento a cabalidad; ciertamente existe una relación racional entre dicha sentencia y la laguna del nuevo estado civil que sirve de duda a la objeción levantada por el Registrador a la luz de las leyes vigentes. *U.S.I. Properties, Inc. v. Registrador,* supra.

Por los fundamentos expuestos, *se dictará sentencia confirmatoria.*

El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita.