EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| Grimaldi Rolón Adorno; en representación de la Sucesión de Jorge Santiago Méndez<br><br>Peticionario<br><br>v.<br><br>Registrador de la Propiedad de Arecibo, Sección Primera<br>Hon. Frank Quiñones Vigo<br><br>Recurrido | Recurso Gubernativo<br><br>2021 TSPR 80<br><br>207 DPR \_\_\_\_ |

Número del Caso: RG-2020-4

Fecha: 8 de junio de 2021

Abogado de la parte peticionaria:

    Lcdo. Ángel L. Padró Marina

Abogado de la parte recurrida:

    Lcdo. Frank Quiñones Vigo

Materia: Derecho Registral Inmobiliario - Como parte de su función calificadora, el Registrador de la Propiedad no puede revisar las determinaciones de hechos y de derecho de un tribunal ni requerir documentos complementarios para dilucidar asuntos de derecho comprendidos en un dictamen judicial.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Grimaldi Rolón Adorno; en representación de la Sucesión de Jorge Santiago Méndez<br><br>Peticionario<br><br>v.<br><br>Registrador de la Propiedad de Arecibo, Sección Primera Hon. Frank Quiñones Vigo<br><br>Recurrido | RG-2020-0004 |  |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 8 de junio de 2021.

Comparece ante nos el Sr. Grimaldi Rolón Adorno (peticionario) en calidad de apoderado de la Sra. Elba Nilsa Serrano Carrión, exesposa del Sr. Jorge Santiago Méndez; y de la Sucesión del señor Santiago Méndez, compuesta por sus hijos, el Sr. José Santiago Serrano, la Sra. Evelyn Santiago Serrano y la Sra. Elizabeth Santiago Serrano. Mediante este Recurso Gubernativo, el peticionario solicita la revocación de la determinación del Registrador de la Propiedad de Arecibo, el Hon. Frank Quiñones Vigo (recurrido), en la que denegó la inscripción de una Sentencia dictada por el Tribunal de Primera Instancia.

El presente recurso nos permite revisitar el tema sobre la función calificadora del Registrador, la cual forma parte del principio registral de legalidad. Específicamente, nos corresponde esbozar las limitaciones adheridas al Registrador para calificar un documento judicial y las instancias en que puede requerir documentos complementarios cuando tiene ante sí un documento de esta naturaleza.

Con ello en mente, pasemos a delinear los hechos que dieron génesis a la controversia de autos.

I.

El Sr. Jorge Santiago Méndez y la Sra. Elba Nilsa Serrano Carrión contrajeron matrimonio el 21 de septiembre de 1968. Posteriormente, adquirieron mediante Escritura de Compraventa un bien inmueble con la descripción siguiente:

> URBANA: solar de la urbanización Mirador Vista Azul, ubicado en el Bo. Hato Abajo del término municipal de Arecibo, Puerto Rico el cual contiene una casa residencial construida de hormigón y bloques. Es el solar marcado con el número once (11) del bloque "T" y tiene un área superficial de 312.00 metros cuadrados. En lindes al Norte con solar #10, distancia de 24.00 metros; Sur con solar #12 distancia de 24.00 metros; Este calle #22 distancia de 13.00 metros y Oeste con solar #22 distancia de 13.00 metros. Contiene casa dedicada a vivienda. Afecta a hipoteca por la suma principal de $31,900.00 a favor de HF. Inscrita al folio 75 tomo 1318 de Arecibo, finca #20,652.

El 13 de mayo de 1992, el matrimonio fue disuelto mediante Sentencia de Divorcio. No obstante, no efectuaron la liquidación de la Sociedad Legal de Gananciales. Transcurridos dos (2) años, el Sr. Jorge Santiago Méndez falleció intestado. En consecuencia, el finado dejó una

participación indivisa de un cincuenta porciento (50%) de la propiedad antes descrita. El cincuenta porciento (50%) restante le correspondía a la Sra. Elba Nilsa Serrano Carrión como comunera de dicho inmueble.

Ante ese cuadro fáctico, el peticionario instó una Demanda el 31 de enero de 2011 en la que le solicitó al Tribunal de Primera Instancia que dictara Sentencia Declaratoria y Declaratoria de Herederos sobre la propiedad descrita anteriormente. Asimismo, sostuvo que en una supuesta relación con una dama, el causante engendró dos (2) hijos. Señaló que de estos existir, se desconoce sus nombres, cuándo y dónde nacieron, el nombre de su madre y sus respectivas direcciones. Por consiguiente, requirió al foro sentenciador que los identificara con los nombres Fulano de Tal y Mengano de Tal.

A los fines de disipar la incertidumbre respecto a la sucesión del causante, el peticionario acreditó ante el tribunal de instancia haber **"realizado múltiples gestiones entre vecinos, amigos y familiares del finado para identificar y localizar a los alegados herederos"** desconocidos. **Dichas gestiones resultaron infructuosas.** Por lo cual, **procedió a requerir el emplazamiento por edicto** para que comparecieran en el término correspondiente. Además, solicitó que, de no comparecer, se diera por repudiada su participación del caudal y que se declarara a los tres (3) hijos conocidos del fenecido como únicos y universales herederos.

Luego de celebrar una vista, el foro primario ordenó el emplazamiento por edicto. El mismo fue publicado en el periódico Primera Hora el 4 de marzo de 2011, dirigido a Fulano de Tal y Mengano de Tal. Transcurrido el término para comparecer, sin que lo hicieran, se les anotó la rebeldía.

Así las cosas, mediante Sentencia emitida el **3 de mayo de 2012,** el Tribunal de Primera Instancia declaró Con Lugar la Demanda. En la misma, resolvió que los herederos identificados como Fulano de Tal y Mengano de Tal repudiaron sus participaciones por no declarar su intención de aceptar la herencia, luego de ser emplazados mediante edicto. A esos efectos, concluyó que las únicas personas con derecho a la herencia del causante son sus tres (3) hijos conocidos: (1) el Sr. José Santiago Serrano; (2) la Sra. Evelyn Santiago Serrano, y (3) la Sra. Elizabeth Santiago Serrano. Conforme lo anterior, declaró que estos últimos eran acreedores de un cincuenta porciento (50%) de la propiedad. Por último, le **ordenó al Registrador de la Propiedad de Arecibo, Sección I, inscribir en los libros a su cargo la participación del cincuenta porciento (50%) de la propiedad correspondiente a favor de los herederos.** Cabe mencionar que la Sentencia dictada fue notificada por edictos a Fulano de Tal y Mengano de Tal en el periódico Primera Hora el 12 de mayo de 2012.

Consecuentemente, la Sentencia fue presentada en el Registro de la Propiedad el 28 de junio de 2012. Pasado más de seis (6) años, el recurrido envió una Carta de Notificación al peticionario el 10 de mayo de 2019. En esta,

denegó la inscripción del documento principal por el señalamiento siguiente: "[l]a Sentencia dictada contra los herederos, Fulano de Tal y Mengano de Tal, hijos del causante, cuyo paradero se desconoce, por lo que se les emplazó por edictos, y a quienes el tribunal determinó que por no aceptar la herencia [e]stos la repudiaron, **es contraria a derecho**". Esbozó que el Tribunal de Primera Instancia erró al concluir que la adquisición de una herencia no es automática, sino que depende de la aceptación del heredero y de no aceptarse la herencia se tendrá por repudiada. Según el recurrido, conforme al Artículo 962 del Código Civil de Puerto Rico, 31 LPRA ant. sec. 2790 (derogada), "la repudiación de una herencia deberá hacerse en instrumento público o auténtico, o por escrito presentado a la Sala competente del Tribunal de Primera Instancia […]".[1]

En desacuerdo, el 28 de mayo de 2019 el peticionario incoó un Escrito de Recalificación. Alegó que la Sentencia dictada fue conforme a derecho y que el recurrido **no tenía la facultad para inmiscuirse en las determinaciones del Tribunal ya que su función calificadora se limitaba a: (1) la jurisdicción del Tribunal; (2) la naturaleza y efectos de la Resolución dictada, si esta se produjo en el juicio correspondiente y si se observaron en él los trámites y preceptos esenciales para su validez; (3) las formalidades extrínsecas de los documentos presentados, y (4) los**

---

[1] Se alude al derogado Código Civil de Puerto Rico de 1930 toda vez que estuvo vigente cuando el Registrador notificó su primera falta al amparo de dicho código.

**antecedentes del Registro.** Indicó que la determinación del foro sentenciador es de naturaleza sustantiva y, por lo tanto, el Registrador no puede pasar juicio sobre ella. Expuso que el Registrador amplió sus poderes calificadores y actuó como Juez al concluir que la Sentencia es contraria a derecho, interviniendo así en la revisión de las determinaciones de hechos y de derecho realizadas por dicho foro. Señaló, además, que la Sentencia aludida no fue objeto de revisión ante el Tribunal de Apelaciones. En vista de ello, adujo que erró el recurrido al ampararse en el Artículo 962 del Código Civil de Puerto Rico, *supra*, para denegar la inscripción dado que la aplicación de dicho artículo es un asunto de derecho que le compete al Tribunal auscultar si aplica a casos donde se desconoce la existencia de dos (2) herederos, sus nombres y circunstancias personales.

En respuesta al Escrito de Recalificación, el recurrido emitió una segunda Carta de Notificación en la que dispuso lo siguiente:

> Recalificado el documento presentado **se le requiere que produzca y someta documentos complementarios para una adecuada calificación** ya sean estos instrumentos notariales o judiciales presentados a la sala competente del Tribunal de Primera Instancia **para conocer de la testamentaria de Jorge Santiago Méndez por virtud de los cuales los dos (2) herederos desconocidos, identificados con los nombres Fulano de Tal y Mengano de Tal, repudiaron la herencia de este.**

Inconforme nuevamente, el peticionario presentó el 3 de octubre de 2019 un segundo Escrito de Recalificación. Reiteró los mismos argumentos presentados en su primera solicitud de

recalificación. A su vez, arguyó que el único documento complementario donde muestra el motivo de la repudiación de los herederos desconocidos es el título principal: la Sentencia emitida.

El recurrido reafirmó su negativa el 28 de febrero de 2020 y notificó la Anotación Preventiva Denegatoria en el asiento de presentación. A raíz de ello, el 9 de julio de 2020, el peticionario instó el Recurso Gubernativo de epígrafe con los señalamientos de error siguientes:

> Erró el Honorable Registrador de la Propiedad al este negarse a inscribir la Sentencia ya que el Registrador no tiene la facultad para intervenir con las determinaciones judiciales y con la doctrina de la ley del caso.

> Erró el Honorable Registrador de la Propiedad al este negarse inscribir la Sentencia del Tribunal de Primera Instancia por entender que la misma era contrario a derecho.

Oportunamente, el recurrido presentó ante nos el 22 de julio de 2020 una *Moción para Acompañar Documentos en Cumplimiento del Artículo 77 de la Ley Hipotecaria de 1979 y del Artículo 245 de la Ley 210 del 2015* junto con el título principal y los documentos complementarios presentados ante el Registro de la Propiedad. Luego de ello, el 27 de agosto de 2020, incoó un escrito titulado *Alegato del Recurrido.*

El caso de autos quedó sometido para nuestra adjudicación el 11 de septiembre de 2020. Contando con la comparecencia de ambas partes, y estando en posición de resolver el recurso presentado, procedemos a así hacerlo.

## II.

## A.

Como parte de su función, el Registrador ostenta la facultad de calificar los documentos que se presenten en el Registro de la Propiedad. La calificación consiste en el examen o comprobación de la legalidad del título que pretende su inscripción en el Registro. L.R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 3ra. ed., San Juan, Jurídica Eds., 2012, pág. 275. Dicha facultad está anclada al principio de legalidad con el propósito de que solo tengan acceso al Registro de la Propiedad los títulos válidos y perfectos. *United Surety v. Registradora*, 192 DPR 187, 201 (2015). Se consideran títulos válidos y perfectos los que reúnen en sí los requisitos establecidos por ley o reglamento. *Western Fed. Savs. Bank v. Registrador*, 139 DPR 328, 332-333 (1995). Todo ello en cumplimiento con uno de los principios esenciales que reviste al Registro de la Propiedad: la fe pública registral. Del mismo modo, evita que el Registro se convierta en un mero archivo de documentos. Rivera Rivera, *op. cit.*, pág. 274. A esos efectos, los Registradores de la Propiedad tienen la obligación legal de determinar si un documento es o no inscribible. *United Surety v. Registradora*, supra; *R & G Premier Bank P. R. v. Registradora*, 158 DPR 241, 246 (2002).

En armonía con el principio de legalidad, el Artículo 229 de la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico (Ley Hipotecaria), 30 LPRA sec. 6381, preceptúa las

limitaciones que tiene el Registrador en su función calificadora. Particularmente, dicho estatuto le impone al Registrador diferentes grados de calificación cuando tiene ante sí títulos inscribibles —ya sean notariales, judiciales o administrativos. *Íd*. Como resultado de esto, la calificación variará dependiendo del documento que se presente para su inmatriculación. *Rigores v. Registrador*, 165 DPR 710, 721 (2005). En cuanto a los documentos notariales, el rol calificador del Registrador se limitará a: (1) las formas extrínsecas de los documentos presentados; (2) la capacidad de los otorgantes; (3) la validez de los actos y contratos contenidos en tales documentos, y (4) la inexistencia de obstáculos que surjan del Registro de la Propiedad que impidan la inscripción de los documentos. *R & G Premier Bank P.R. v. Registradora*, supra, pág. 247. En relación con **un documento expedido por un tribunal**, el Artículo 229 de la Ley Hipotecaria, *supra*, dispone que estará ceñido a:

> (1) La **jurisdicción** del tribunal, la naturaleza y efectos de la resolución dictada, si ésta se produjo en el **juicio** correspondiente y si se **observaron** en él los **trámites** y **preceptos** esenciales para su validez;

> (2) Las **formalidades extrínsecas** de los documentos presentados, y

> (3) Los **antecedentes** del Registro.

Por último, los documentos administrativos —i.e. decisiones administrativas— se regirán por los mismos parámetros de calificación de un documento judicial.

Dado la naturaleza del presente caso, nos detenemos a abundar sobre los preceptos que rigen la facultad calificadora del Registrador en un documento judicial. *R & G Premier Bank P. R. v. Registradora*, supra. Es norma reiterada que su facultad se limita a extender o denegar un asiento de inscripción, **mas no se extiende a cuestionar, revisitar ni adjudicar controversias resueltas por los tribunales**. Tampoco puede **"declarar la existencia o inexistencia de un derecho dudoso o controvertido entre las partes"**. *Preciosas Vistas del Lago v. Registrador*, 110 DPR 802, 810 (1981) citando a Roca Sastre, *Derecho Hipotecario*, 6ta ed., Ed. Bosch, 1968, T.II, pág. 245 (énfasis suplido). De modo, que "no impedirá ni prejuzgará el juicio que pueda seguirse en los tribunales sobre la validez de los documentos calificados, **debiendo atenerse el Registrador a lo que en aquel se resuelva"**. Artículo 230 de la Ley Hipotecaria, *supra* (énfasis suplido). Hemos expuesto que cuando un Registrador se encuentra ante un documento judicial que contiene un negocio que habrá de ser inscrito, prevalece la presunción de validez del mismo. *R & G Premier Bank P. R. v. Registradora*, supra.

En comparación con la calificación de un documento notarial, hemos puntualizado que **la facultad calificadora del Registrador de la Propiedad es más limitada cuando se trata de documentos expedidos por un tribunal**. *Popular Mortgage v. Registrador*, 181 DPR 625, 632 (2011). Cuando se trata de calificar documentos judiciales, este Tribunal ha incorporado un enfoque restrictivo. El Registrador estará limitado

solamente a: (1) examinar la jurisdicción del Tribunal;[2] (2) la naturaleza y efectos de la Resolución dictada, si se produjo en el procedimiento correspondiente, observando así los trámites esenciales para su validez; (3) corroborar si se cumplen con las formalidades extrínsecas, y (4) examinar los antecedentes del Registro para determinar si existe algún obstáculo que impida la inscripción. Artículo 229 de la Ley Hipotecaria, *supra*. Sobre el alcance de la facultad calificadora en estas instancias, el tratadista Rivera Rivera alude lo siguiente:

> La regla general prevaleciente es que los registradores pueden calificar documentos judiciales en cuanto a: (a) jurisdicción sobre la materia, (b) jurisdicción sobre las partes (emplazamiento adecuado[…]) (c) jurisdicción territorial, (d) la naturaleza y efecto de la orden judicial, (e) si se siguió la acción prescrita por ley, (f) si se cumplieron las reglas y procedimientos indispensables para la validez de la acción judicial seguida, (g) si de la orden judicial surge que la corte tuvo ante sí todas las acreditaciones necesarias y se cumplieron los requisitos formales y legales exigidos en ciertos casos, (h) si la orden judicial contiene todos los elementos que la Ley Hipotecaria exige para su inscripción, (i) si la sentencia está autorizada por ley, (j) si se cumplieron los criterios formales exigidos por la ley. Rivera Rivera, *op. cit.*, pág. 293, citando a Brau del Toro, *Apuntes para un curso sobre el estado de Derecho Inmobiliario Registral puertorriqueño bajo la Ley Hipotecaria de 1893*, 48 Rev. Jur. UPR 113, 204-205 (1979).

---

[2] El concepto de jurisdicción se incorporó en nuestro ordenamiento Registral Inmobiliario mediante jurisprudencia. Véase *Correa v. Registrador*, 67 DPR 753 (1947); *Zayas Vázquez v. Registrador de Guayama*, 36 DPR 785 (1927). Posteriormente, la Asamblea Legislativa adoptó los precedentes desarrollados al respecto en la Ley Hipotecaria y del Registrador de la Propiedad, Ley Núm. 198 de 8 de agosto de 1979 (derogada 2015). Desde entonces, las restricciones en cuanto a las facultades calificadoras de un documento judicial han permanecido a pesar de los cambios que ha sufrido la Ley Hipotecaria.

La facultad calificadora restringida del Registrador impide que recurra a **"información que no conste en los títulos presentados o el contenido del Registro"**. *United Surety v. Registradora*, supra, pág. 202. Por otro lado, **el Registrador no puede intervenir en las determinaciones de hechos y conclusiones de derecho ya que se estaría extralimitando en su rol como funcionario ejecutivo.** *U.S.I. Properties, Inc. v. Registrador*, 124 DPR 448, 469 (1989). En *P.R. Prod. Cred. Assoc. v. Registrador*, 123 DPR 231 (1989), resolvimos que un Registrador no puede actuar como juez y expresamos que permitir que un Registrador revise una sentencia emitida por un tribunal tendría el efecto de convertir a este funcionario ejecutivo en un juez de jueces. Expresamente expusimos que: "[…] debe quedar claro que el Registrador de la Propiedad no puede ser juez de jueces. Después de todo, debe recordarse el principio general de que el registro no da ni quita derechos." *Íd.*, págs. 237-238.

Cabe mencionar que, en nuestro Derecho Registral Inmobiliario, el Registrador de la Propiedad realiza funciones administrativas. *U.S.I Properties, Inc. v. Registrador*, supra, pág. 465. Convertir al Registrador en un funcionario con la potestad para dilucidar quién tiene mejor título o derecho choca con las funciones de la Rama Judicial. En ese sentido, este Tribunal ha señalado en varias ocasiones que la función de declarar nula una sentencia corresponde, únicamente, a los tribunales revisores. En consecuencia, un Registrador de la Propiedad no puede señalar como defecto la nulidad de una

sentencia dictada por el foro primario. *Rigores v. Registradores*, supra, págs. 723-724.

**B.**

En aras de realizar una adecuada calificación, el Registrador está facultado a requerir documentos complementarios junto al título principal —bien sean notariales, judiciales o administrativos. Artículo 229 de la Ley Hipotecaria, *supra*; *Rodríguez Morales v. Registrador*, 142 DPR 347, 359-360 (1997); *Ríos Román v. Cacho Cacho*, 130 DPR 817, 820 (1992). El documento complementario suplementa al título principal con relación a las circunstancias o aspectos que "siendo necesarios para la inscripción, no se acreditan y justifican directamente por [el documento principal]". *Pino Development Corp. v. Registrador*, 133 DPR 373, 381 (1993) citando a A. Sanz Fernández, *Instituciones de Derecho Hipotecario*, Madrid, Ed. Reus, 1953, T. II, págs. 315-316. Ahora bien, como bien señala el tratadista Roca Sastre, "[ú]nicamente complementan los títulos cuando [e]stos, solos, no pueden pretender su ingreso en los libros hipotecarios. Los títulos básicos autentican el acto o causa jurídica que provoca la titularidad consignable en el Registro. **Los documentos complementarios solamente acreditan hechos o circunstancias que rodean aquellos títulos fundamentales, cooperando en la formación total del título inscribible**". R.M. Roca Sastre, *Derecho Hipotecario*, 5ta ed., Barceloneta, Ed. Bosch, 1954, T.II, pág. 159 (énfasis suplido). Omitir su presentación cuando sea requerido impide la inscripción del

título principal al Registro. Artículo 235 de la Ley Hipotecaria, *supra*.

Por razón de su naturaleza y contenido, los documentos que complementan al documento principal no son inscribibles ni considerados títulos a los efectos registrales ya que "no sirven de base al dominio o al derecho real o al asiento practicable". Sanz Fernádez, *op. cit*. Se pueden presentar documentos privados, a menos que la ley disponga lo contrario, como documentos complementarios toda vez que en ellos "no funda su derecho la persona a cuyo favor ha de practicarse la operación registral a efectuar, ni son base fundamental del asiento practicable". Roca Sastre, *op. cit.*, págs. 158-159. Por imperativo del principio de legalidad, dichos documentos tienen que ser válidos y perfectos al igual que los títulos inscribibles. *Sosa v. Registrador de la Propiedad*, 145 DPR 859, 874 (1998).

La facultad para requerir documentos complementarios no implica que se lleve a cabo una indiscriminada expedición de pesca. *Rodríguez Morales v. Registrador*, supra, pág. 360. Más bien, debe cumplir el propósito de ayudar al Registrador a realizar una calificación diligente y acertada. *Ríos Román v. Cacho Cacho*, supra, pág. 821. Por lo cual, este Tribunal ha reiterado que "entre el documento solicitado y las dudas u objeciones del Registrador debe existir una **relación racional**". *Íd.,* citando a *U.S.I Properties, Inc. v. Registrador,* supra, pág. *464* (énfasis suplido).

A la luz de lo anteriormente esbozado, adoptamos un enfoque restrictivo en el requerimiento de documentos complementarios. Por primera ocasión, en *Mojica Sandoz v. Bayamón Federal Savs.*, 117 DPR 110, 129 (1986), delimitamos la facultad calificadora del Registrador para solicitar documentos complementarios a las tres (3) instancias siguientes: **(1) cuando por ley o por reglamento así se requiera para la inscripción de un documento; (2) cuando del documento presentado al Registrador surja causa para creer que pueda ser inválido, y (3) cuando el propio documento no refleje su entera validez.** Al presente, hemos interpretado la aplicación y alcance de los documentos complementarios en la calificación de un documento notarial o documentos notariales avalados por un trámite judicial.[3] Sin embargo, ello no ha ocurrido respecto a la calificación de un documento judicial, particularmente una Sentencia dictada como el caso de marras.

Los hechos del presente Recurso Gubernativo nos brindan la oportunidad de reexaminar los criterios establecidos en *Mojica Sandoz v. Bayamón Federal Savs.*, supra, cuando se desea inmatricular un documento judicial al Registro de la Propiedad.

El requerimiento de documentos complementarios forma parte de la función calificadora del Registrador en momentos

---

[3] A continuación la trayectoria jurisprudencial que ha interpretado los criterios establecidos en *Mojica Sandoz v. Bayamon Federal Savs.*, supra, sobre el requerimiento de documentos complementarios: *Rodríguez Morales v. Registrador*, 142 DPR 347 (1997); *Pino Development Corp. v. Registrador*, 133 DPR 373 (1993); *Ríos Román v. Cacho Cacho*, 130 DPR 817 (1992); *Figueroa Pesante v. Registrador*, 126 DPR 209 (1990); *U.S.I Properties, Inc. v. Registrador*, 124 DPR 448 (1989).

específicos y particulares. En ese sentido, los criterios establecidos en *Mojica Sandoz v. Bayamón Federal Savs.*, supra, deben tener sintonía con los diferentes grados de calificación. Esto significa que no se puede utilizar el requerimiento de documentos complementarios para ampliar la facultad calificadora del Registrador. La producción de documentos complementarios debe estar supeditada a las limitaciones expuestas en el Artículo 229 de la Ley Hipotecaria, *supra*. Así, garantizamos el cumplimiento con la intención expresa del legislador a los fines de limitar la función calificadora del Registrador a lo expuesto en la Ley Hipotecaria y su Reglamento. También procuramos que el Registrador no exceda sus funciones calificadoras mediante el requerimiento de documentos complementarios.

Al momento de requerir documentos complementarios para realizar una adecuada calificación del documento judicial, el Registrador debe tener presente: (1) la presunción de validez del documento judicial; (2) la calificación limitada descrita en el Artículo 229 de la Ley Hipotecaria, *supra*, y (3) la naturaleza de su función administrativa. A esos efectos, insistimos en que no se puede intervenir con las determinaciones de una Sentencia dictada por un tribunal de instancia ni mucho menos declarar la nulidad de la misma.

Conforme con los criterios establecidos en *Mojica Sandoz v. Bayamón Federal Savs.*, supra, procede solicitar documentos complementarios cuando así lo exija la ley; cuando surja causa para creer en la invalidez del documento principal, o cuando

de la faz refleje su invalidez. Es menester expresarnos sobre el alcance de los últimos dos (2) criterios cuando el Registrador está calificando un documento judicial. La invalidez de un documento judicial debe circunscribirse a los trámites esenciales que se llevaron a cabo para su validez. Es decir, si se cumplió con los procedimientos indispensables, así como el debido emplazamiento a las partes indispensables. Ello sí es permisible ya que incide directamente en la jurisdicción del Tribunal de Primera Instancia. Además, está estrechamente entrelazado con una de las funciones calificadoras del Registrador: evaluar la jurisdicción del Tribunal. Artículo 229 de la Ley Hipotecaria, *supra*. En tal escenario, es deber del Registrador solicitar documentos complementarios. Después de todo, no podemos olvidar que el Registrador de la Propiedad inscribe documentos válidos y perfectos, en cumplimiento con la fe pública registral que rige nuestro ordenamiento. Véase *L. Dershowitz & Co., Inc. v. Registrador*, 105 DPR 267 (1976).

A lo expresado, es menester añadir que el registrador está impedido de solicitar el expediente judicial como documento complementario. En *U.S.I. Properties, Inc. v. Registrador*, supra, pág. 463, establecimos, *inter alia*, que el expediente judicial "no goza de la naturaleza de documento complementario". Ello pues, el documento complementario no acredita el cumplimiento de un trámite judicial particular. *Íd.; Mojica Sandoz v. Bayamón Federal Savs.*, supra.

**III**

En el presente caso, el peticionario aduce que en la primera notificación el Hon. Frank Quiñones Vigo, Registrador de la Propiedad de Arecibo, incidió en denegar la inscripción de la Sentencia dictada por el Tribunal de Primera Instancia por ser contraria a derecho. Sostiene que el Registrador extralimitó sus funciones calificadoras al negarse inscribir el documento judicial por asuntos de naturaleza sustantivas.

El recurrido, por su parte, arguye que recalificó la primera falta notificada por entender que no puede interferir con las determinaciones del Tribunal. Es su contención que no está en pugna la primera notificación, sino la segunda notificación en la cual requirió documentos complementarios para que mostrara la razón por la cual Fulano de Tal y Mengano de Tal repudiaron su participación del caudal hereditario. Ello pues, considera que al caso de autos aplica el Artículo 962 del Código Civil, *supra*.

Examinado el expediente y la normativa vigente concluimos que el recurrido amplió sus funciones calificadoras en ambas notificaciones. Sostenemos que la segunda notificación no dejó sin efecto la primera —como alega el recurrido— sino que la enmendó para dilucidar el asunto relacionado a la repudiación de los dos (2) alegados herederos desconocidos. Nos explicamos.

En la primera notificación, el recurrido denegó la inscripción de la participación del cincuenta porciento

(50%) de la propiedad correspondiente a favor de los peticionarios ya que: "[l]a Sentencia dictada contra los herederos, Fulano de Tal y Mengano de Tal, hijos del causante, cuyo paradero se desconoce, por lo que se les emplazó por edictos, y a quienes el tribunal determinó que por no aceptar la herencia [e]stos la repudiaron, **es contraria a derecho**". El Registrador de la Propiedad esbozó que el Tribunal de Primera Instancia erró al concluir que la adquisición de una herencia no es automática, sino que depende de la aceptación del heredero y de no aceptarse la herencia se tendrá por repudiada.

Indiscutiblemente el Registrador ejerció funciones de Juez al pasar juicio sobre los méritos de la Sentencia del Tribunal de Primera Instancia y, consecuentemente, denegar la inscripción solicitada por entender que era contraria a derecho. En su lugar, y por tratarse de un documento judicial, debió limitar su función calificadora a lo establecido en el Artículo 229 de la Ley Hipotecaria, *supra*.

Según discutido previamente, un Registrador no puede revisar las determinaciones de hechos y de derecho de un tribunal. Al denegar la inscripción porque, a su juicio, la Sentencia dictada por el Tribunal de Primera Instancia era contraria a derecho, el Registrador de la Propiedad actuó contra lo establecido por el Artículo 229 de la Ley Hipotecaria, *supra*. Simplemente se adjudicó facultades que ni la Ley Hipotecaria ni la jurisprudencia interpretativa le han concedido. Tanto el Artículo 229 de la Ley

Hipotecaria, *supra*, como la Regla 230.1 del Reglamento del Registro de la Propiedad, Reglamento Núm. 8814 aprobado el 14 de septiembre de 2016, prohíben expresamente que un Registrador revise e interprete determinaciones de hechos y de derecho realizadas por un Tribunal.[4] Recalcamos que el rol calificador de un Registrador no estriba en declarar la existencia o inexistencia de derechos.

Respecto a la segunda notificación emitida por el Registrador, este requirió documentos complementarios con el fin de auscultar la razón por la cual los dos (2) herederos desconocidos repudiaron la herencia. Ante ello, el peticionario reiteró en su segundo Escrito de Recalificación que el recurrido excedió sus funciones calificadoras y que el único documento complementario con relación a la repudiación de los herederos desconocidos era el documento principal: la Sentencia dictada. De entrada, señalamos que la razón esbozada por el recurrido para evaluar documentos complementarios no constituye una de las situaciones establecidas para requerir tales documentos en el proceso de calificación de un documento judicial. Más bien, el recurrido pretende inmiscuirse sutilmente en asuntos de derecho que solo le competen al Tribunal. No surgen

---

[4] La Regla 230.1 del Reglamento del Registro de la Propiedad provee que:

> Las determinaciones judiciales respecto a los hechos y derechos que corresponden a las partes envueltas en un litigio no podrán ser objeto de calificación por el Registrador sin perjuicio a lo dispuesto en el Artículo 229 de la Ley relacionado con los documentos expedidos por la autoridad judicial.

objeciones fundamentadas en la jurisdicción del Tribunal; la invalidez en los trámites esenciales seguidos; las formalidades extrínsecas o algún impedimento por los antecedentes en el Registro.

Por el contrario, de la propia Sentencia surge la validez de los preceptos y trámites seguidos por el foro sentenciador en cumplimiento con el debido proceso de ley, a saber: (1) el ejercicio razonable para identificar a los presuntos dos (2) herederos del Sr. Jorge Santiago Méndez y (2) el emplazamiento por edicto con el fin de que comparecieran al procedimiento judicial. Además, la Sentencia dictada fue notificada por edictos a los dos (2) presuntos herederos desconocidos para que recurrieran en revisión a los foros apelativos de estar inconformes. A pesar de dichos esfuerzos, no comparecieron ni al Tribunal de Primera Instancia mientras se dilucidaba la herencia del finado ni a los foros revisores en impugnación de la Sentencia emitida.

No vemos relación racional entre la objeción del recurrido y la información que podría obtener de tales documentos para calificar la Sentencia dictada. El recurrido tuvo ante sí los documentos complementarios necesarios para que realizara una adecuada calificación.[5] En armonía con el

---

[5] Los documentos complementarios presentados al recurrido fueron los siguientes:
(1) Instancia jurada y suscrita en Arecibo el 27 de junio de 2012 mediante affidavit 2,355 ante el notario Ángel L. Padró Marina;
(2) Escritura #28 sobre Protocolización Documento de Poder de la Sra. Elba Nilsa Serrano Carrión;

tráfico registral, los registradores no deben requerir documentos complementarios para dilucidar asuntos de derecho comprendidos en un dictamen judicial, puesto que va en contra de su función calificadora. Resulta forzoso concluir que el Registrador no demostró necesidad alguna que amerite su requerimiento documental.

Finalmente, no se puede perder de perspectiva que estamos ante un Recurso Gubernativo, cuya jurisdicción es voluntaria y no contenciosa. *Preciosas Vistas del Lago v. Registrador*, supra, págs. 809-810. La controversia ante este Honorable Tribunal se circunscribe a evaluar la actuación del Registrador de la Propiedad. Por lo cual, los asuntos relacionados a la validez de la Sentencia del Tribunal de Primera Instancia, así como la aplicación o no del artículo 962 del Código Civil, *supra*, debió impugnarse en el trámite judicial correspondiente. El Registrador de la Propiedad no puede *motu proprio* realizar dicha labor y más cuando la

(3) Escritura #22 sobre Protocolización de Documentos de Poder de la Sra. Elizabeth Santiago Serrano, el Sr. José Santiago y la Sra. Evelyn Santiago; (4) Notificación de Sentencia Parcial en cuanto a: Elba Nilsa Serrano Carrión tic/p Elba Santiago;
(5) Sentencia Parcial dictada en el Tribunal de Primera Instancia, Centro Judicial de Arecibo, Sala Superior, en el Caso Civil Núm. CAC2O11-0304 sobre Sentencia Declaratoria por Grimaldi Rolón Adorno, *et al.*, Demandante v. Fulano de Tal, Mengano de Tal, Demandado, el 16 de febrero de 2012;
(6) Notificación de Sentencia, debidamente certificada;
(7) Notificación de Sentencia por Edictos;
(8) Notificación de Sentencia por Edictos emitida en Arecibo el 7 de mayo de 2012;
(9) Declaración Jurada del periódico "PRIMERA HORA", sobre la publicación de los edictos, jurada y suscrita en Guaynabo el 14 de mayo de 2012 mediante affidavit 121,836 ante el notario Frank González Acevedo;
(10) Declaración Jurada del periódico "PRIMERA HORA", sobre la publicación de los edictos, jurada y suscrita en Guaynabo el 14 de mayo de 2012 mediante affidavit 121,837 ante el notario Frank González Acevedo, y
(11) Certificación de Cancelación de Gravamen expedida en San Juan el 5 de junio de 1996 por Rubén Rodríguez Velázquez.

Sentencia del Tribunal de Primera Instancia es final y firme. Por ello, y en ausencia de alguno de los criterios del Artículo 229 de la Ley Hipotecaria, *supra*, el Registrador no debió denegar la inscripción.

IV.

Por los fundamentos expuestos revocamos la Anotación Preventiva Denegatoria del Registrador de la Propiedad y, a su vez, ordenamos a que se cumpla con lo dispuesto en la Sentencia con fecha de 3 de mayo de 2012 del Tribunal de Primera Instancia.

Se dictará Sentencia de conformidad.


                              Mildred G. Pabón Charneco
                                   Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Grimaldi Rolón Adorno; en representación de la Sucesión de Jorge Santiago Méndez<br><br>Peticionario<br><br>v.<br><br>Registrador de la Propiedad de Arecibo, Sección Primera Hon. Frank Quiñones Vigo<br><br>Recurrido | RG-2020-0004 | |

SENTENCIA

En San Juan, Puerto Rico, a 8 de junio de 2021.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, revocamos la Anotación Preventiva Denegatoria del Registrador de la Propiedad y, a su vez, ordenamos a que se cumpla con lo dispuesto en la Sentencia con fecha de 3 de mayo de 2012 del Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez concurre sin opinión. El Juez Asociado señor Estrella Martínez no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo