Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **URBANA GENERAL CONTRACTOR, LLC**<br><br>Recurrida<br><br>v.<br><br><br>**MICHELLE G. MILLER**<br><br>Peticionaria | KLCE202401238 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.:<br>**SJ2023CV03618**<br><br>Sobre:<br>**COBRO DE DINERO-ORDINARIO Y OTROS** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece ante nos, Michelle G. Miller, en adelante peticionaria, mediante *Certiorari* para solicitarnos la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI-SJ) del 31 de octubre de 2024. Mediante esta, el foro primario declaró *No Ha lugar* una *Urgente Moción en Solicitud de Relevo de Sentencia en Rebeldía y Solicitando la Paralización de la Ejecución de Sentencia.*

Por los fundamentos que expondremos a continuación, *expedimos* el presente recurso y *revocamos* la determinación recurrida.

**I.**

El 26 de abril de 2023, la recurrida presentó demanda en cobro de dinero contra la aquí peticionaria, ante la falta de pago por unos trabajos de remodelación de su propiedad. Por ello, el 29 de junio de ese mismo año, solicitó emplazar a la señora Miller por edicto, alegando que había sido imposible emplazar a la demandada

de manera personal. Adjuntó declaración jurada a su solicitud, en la que se desprendió que, el 28 de abril de 2023, le fueron entregados los emplazamientos al emplazador para que fueran debidamente diligenciados y entregados a la aquí peticionaria. El 15 de mayo de 2023, el emplazador trató de comunicarse con la peticionaria sin éxito. Tres días después, el 18 de mayo, logró comunicación por vía telefónica con la señora Miller. Al ésta sólo hablar el idioma inglés le pasó el teléfono a otra persona que sirviera como traductora. La peticionaria solicitó, a través del intérprete, que se comunicaran con sus abogados que se encuentran en el bufete McConnell Valdés.[1]

Según reza la declaración jurada, el 20 de mayo de 2023, el emplazador se dirigió a la dirección indicada en el emplazamiento, en donde encontró que era una cafetería y, por tanto, se comunicó con la recurrida quien le indicó que, cerca de ahí, se encontraba la residencia de la señora Miller. Al llegar a la residencia tocó el timbre en varias ocasiones sin respuesta. Añadió que, el 21 de junio del mismo año, el emplazador acudió al cuartel municipal de la estación Covadonga para verificar información sobre la señora Miller. En el mismo se le informó que no tenían datos sobre la señora, también acudió a las oficinas del correo postal en el Paseo Colón en San Juan para verificar si existía alguna información sobre la señora Miller, allí también le informaron que no tenían datos sobre la peticionaria.[2]

Así las cosas, el 29 de junio del 2023, el emplazador prestó una declaración jurada. La recurrida presentó moción solicitando expedición de emplazamiento por edicto, a la cual se le anejó la referida declaración del emplazador. Notificado el 7 de julio de 2023,

---

[1] Apéndice del recurso, págs. 13-14.
[2] *Id.*

el Tribunal emitió una orden concediendo el emplazamiento por edicto.[3]

El 14 de agosto de 2023, la parte recurrida presentó moción en la que evidenció publicación de emplazamiento, junto con declaración jurada original del periódico El Vocero, certificando la publicación del emplazamiento por edicto el 2 de agosto de 2023 y evidencia de envío al demandado de epígrafe.[4]

El 8 de septiembre de 2023, la parte recurrida presentó *Moción Solicitando Anotación de Rebeldía* exponiendo que la parte peticionaria había sido debidamente emplazada mediante edicto el 2 de agosto de 2023 y, que el término establecido para contestar la demanda había vencido, por lo tanto, al amparo de la Regla 45 de Procedimiento Civil, 32 LPRA, Ap. III, R. 45, procedía la anotación en rebeldía.[5] El 13 de septiembre de 2023, el TPI ordenó la anotación de rebeldía. Eventualmente señaló la vista en su fondo para el 2 de noviembre de 2023.[6]

El 2 de noviembre el foro primario emitió una sentencia en la que declaró *Ha Lugar* la demanda sobre cobro de dinero y dictando sentencia en rebeldía ordenando el pago de $89,907.71 y la suma de $5,000.00 por concepto de honorarios de abogado.[7]

Luego de varios asuntos procesales que no son necesarios pormenorizar, el 7 de febrero de 2023, la aquí peticionaria presentó escrito titulado *Urgente Moción en Solicitud de Relevo de Sentencia en Rebeldía y Solicitando la Paralización de la Ejecución de Sentencia.* En dicho escrito arguyó que, en efecto, la señora Miller había logrado comunicarse con el emplazador a través de un traductor en la que le solicitó que se comunicaran con sus abogados

---

[3] *Id.*, pág. 15.
[4] Apéndice del recurso, págs. 18-21.
[5] *Id.*, págs. 23-24
[6] *Id.*, pág. 25.
[7] *Id.*, págs. 85-86.

en McConnell Valdés. Que de la declaración jurada no se describe gestión alguna realizada por la parte demandante para tratar de comunicarse con la representación legal de ésta en McConnell Valdés y poder gestionar el diligenciamiento del emplazamiento o una renuncia al mismo. Por el contrario, argumentó que se desprende de la declaración jurada que sólo acudió en una sola ocasión a la dirección indicada en el emplazamiento. Por lo tanto, solicitó al amparo de la Regla 49.2 de Procedimiento Civil, supra, relevo de sentencia por error, inadvertencia, sorpresa o negligencia excusable. Ello, por entender que la incomparecencia de la señora Miller no se debió a mala fe de parte de ella, sino de que el emplazador y la parte demandante, habiendo logrado comunicarse con ella por vía telefónica, no gestionaron o coordinaron esfuerzo alguno por comunicarse con su representación legal como ella indicó. Lo anterior, a sabiendas de que ella se encontraba residiendo fuera de Puerto Rico. Añadió que con una simple búsqueda en el Internet hubiesen encontrado el teléfono y dirección del bufete McConnell Valdés. Así, planteó que se le había privado a la peticionaria de tener la oportunidad de defenderse de las reclamaciones instadas en su contra.[8]

El 26 de febrero de 2024 la recurrida presentó escrito titulado *Moción y Oposición en Torno a Relevo de Sentencia en Rebeldía y Paralización de la Ejecución de Sentencia.*[9] En la misma, argumentó que en el caso se cumplió con el debido proceso de ley de la parte demandada, incluso, que de la declaración jurada presentada con la petición de emplazamiento por edicto surgía que el emplazador realizó las diligencias y gestiones necesarias para diligenciar el emplazamiento personal; a saber, que intentó comunicarse con la señora Miller por teléfono, que visitó la oficina del correo postal y el

---

[8] Apéndice del recurso, págs. 104-112.
[9] *Id.,* págs. 120-125.

Cuartel de la Policía buscando información de la misma. Añadió, que en la comunicación que logró a través del teléfono con la señora Miller, esta evadió el emplazamiento dando información generalizada por no mencionar el nombre de sus abogados sólo informó que hablara con sus abogados en McConnell Valdés, un bufete que cuenta con más de cien (100) abogados. Por lo tanto, entiende improcedente requerir a un demandante y su emplazador que tenga que enfrascarse en un proceso de diligencias encaminadas a ver cuáles son los abogados, si algunos, que representen a esta persona en un pleito determinado. Por ello, entiende que debe entenderse que el emplazador cumplió con los requisitos en ley, es decir, demostrando y acreditando ante el tribunal con hechos concretos y no generales que intentó dar con el paradero de la señora Miller, previo a solicitar el emplazamiento mediante edicto.

En respuesta, el 10 de abril de 2024 la peticionaria presentó escrito titulado *Réplica a Oposición a Urgente Moción en Solicitud de Relevo de Sentencia en Rebeldía y Solicitando la Paralización de la Ejecución de Sentencia*. En esta, arguyó que la recurrida no demostró que realizó las diligencias pertinentes que requiere la Regla 4.6 de Procedimiento Civil, supra, para intentar contactar a los abogados de la peticionaria. Específicamente, esbozó que no se estableció que el emplazador le preguntara a la señora Miller el nombre de sus abogados, tampoco que, tras no identificar a los abogados, el emplazador volviera a contactar a la señora Miller para indagar sobre el nombre de sus abogados. Además, que no se probó que éste intentara comunicación alguna con el bufete que cuenta con un mecanismo para notificar a todos los abogados para encontrar al abogado a cargo del caso o cliente específico sobre el que se recibe notificación. De esta manera planteó que es especulativo argumentar que el emplazador no hubiese podido dar

con la abogada suscribiente por la cantidad de abogados del bufete.[10]

El 21 de abril de 2024 la recurrida presentó escrito titulado *Dúplica*.[11] En esta argumentó que es incorrecto alegar que no se cumplió con la Regla 4.6 de Procedimiento Civil, supra. Añadió que la Regla no exige en manera alguna que se tengan que comunicar con un bufete de abogados e investigar quién es el abogado para emplazar una persona natural. Alegó que era deber de la demandada coordinar para que se le entregaran los documentos personalmente a ella en un lugar donde se encontraban sus abogados o llamar a sus abogados y que estos se comunicarán con el emplazador para coordinar el diligenciamiento. Por último, insistió en que la demandada pretendía alegar que no había sido emplazada cuando la misma fue emplazada, conforme a derecho mediante edicto.

Luego de varios asuntos procesales, el 31 de octubre de 2024, el Tribunal emitió *"Resolución"* a los efectos. En esta expuso que, conforme al derecho aplicable, la señora Miller no cumplió con la carga procesal que requiere la Regla 49.2 de Procedimiento Civil, supra, para el relevo de sentencia y que esta tenía el peso de la prueba para rebatir la presunción de legalidad que ostenta una sentencia. De la misma forma, ratificó que el emplazador cumplió con los requisitos procesales de la Regla 4.6 de Procedimiento Civil, supra, de manera que debía concluir declarando *no ha lugar* la solicitud de relevo de sentencia.

Inconforme con esta determinación, el 14 de noviembre de 2024, la señora Miller presentó petición de *Certiorari* solicitando la revisión de la *"Resolución"* emitida el 31 de octubre de 2024. Estableció como señalamientos de error los siguientes:

---

[10] Apéndice del recurso, págs. 132-135.
[11] *Id*., págs. 137-138.

**PRIMER ERROR:** TPI ERRÓ AL DENEGAR LA MOCIÓN DE RELEVO DE SENTENCIA EN REBELDÍA.

**SEGUNDO ERROR:** TPI ERRÓ AL NO TOMAR CONOCIMIENTO JUDICIAL DE UN HECHO ADJUDICATIVO EN UNA SITUACIÓN EN QUE ERA COMPULSORIO HACERLO.

De igual forma el 14 de noviembre de 2024 se presentó una *"Moción Urgente en Auxilio de Jurisdicción"* ante el Tribunal de Apelaciones solicitando la paralización de los procedimientos en el foro primario, y la misma fue declarada *"Con Lugar"*. Con el beneficio de la comparecencia de ambas partes procedemos a resolver.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *McNeil Healthcare v. Mun. de Las Piedras I*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este Foro Apelativo Intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con

prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". W.M.M., P.F.M. et al. v. Colegio, et al.,* 211 DPR 871, 903 (2023); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

### B. Emplazamiento

Reiteradamente, nuestro Alto Foro ha expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un Tribunal adquiere jurisdicción *in personam. Ross Valedón v. Hosp. Dr. Susoni, et al.,* 2024 TSPR 10, 213 DPR ___ (2024); *Martajeva v. Ferré Morris y otros,* 210 DPR 612 (2022); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 646-647 (2021); *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 467 (2017). El propósito del emplazamiento es notificarle a la persona demandada que se ha presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *Id.*

Como "el emplazamiento se mueve dentro del campo del Derecho constitucional", nuestro ordenamiento jurídico ha requerido el cumplimiento estricto de una serie de requisitos para su eficacia. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra, pág. 647, citando a R. Hernández Colón, *Derecho Procesal Civil,* 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 257. Emplazar conforme a derecho, supone dar estricto cumplimiento a los requisitos dispuestos en las Reglas de Procedimiento Civil, supra. Resulta importante destacar que la Regla 4.3 de Procedimiento Civil, supra, dispone que el emplazamiento debe ser "diligenciado en el término

de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto". *Ross Valedón v. Hosp. Dr. Susoni, et al.*, supra.

Por otro lado, una persona demandada puede ser emplazada personalmente o, por vía de excepción, *mediante edicto*. La Regla 4.6 de Procedimiento Civil, supra, indica que se podrá emplazar a una parte mediante edicto cuando: (1) la persona a ser emplazada esté fuera de Puerto Rico; (2) el demandado se encuentra en Puerto Rico, pero no pudo ser localizado a pesar de las diligencias pertinentes; (3) la persona se oculte para no ser emplazada; o (3) se trate de una corporación extranjera sin agente residente. Es importante señalar que los requisitos del emplazamiento por edicto son de estricto cumplimiento. *Sánchez Ruiz v. Higueras Pérez*, 203 DPR 982, 988 (2020); *Medina v. Medina*, 161 DPR 806, 818-819 (2004).

La declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. *Sánchez Ruiz v. Higueras*, supra, pág. 988; *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 25 (1993).

Ahora bien, una vez se autoriza a emplazar mediante edicto, el demandante, dentro de los diez (10) días siguientes a la publicación del edicto, deberá enviarle al demandado una copia del emplazamiento y la demanda a su última dirección física o postal conocida. Regla 4.6 de Procedimiento Civil, supra; *Medina v. Medina*, supra, pág. 821; *Márquez v. Barreto*, 143 DPR 137, 147-148 (1997).

**III.**

La peticionaria acude ante esta Curia impugnando la *"Resolución"* del TPI-SJ en su contra. En esencia, arguye que la parte recurrida incumplió con el deber de diligenciar el emplazamiento y no obró de buena fe.

Lo cierto es que nuestro ordenamiento jurídico requiere que un demandante cumpla con una serie de criterios para emplazar personalmente o mediante edicto. El emplazamiento mediante edicto procede, entre otras instancias, cuando la parte demandada está fuera de Puerto Rico.

Por ser la gestión del emplazamiento una de matices constitucionales, y examinados los alegatos de ambas partes, justipreciamos que el Foro Primario debe celebrar una vista evidenciaria para atender la *"Urgente Moción en Solicitud de Relevo de Sentencia en Rebeldía y Solicitando la Paralización de la Ejecución de Sentencia",* específicamente si se cumplió con las disposiciones estatutarias del emplazamiento.

## IV.

Por los fundamentos antes expuestos, *expedimos el recurso solicitado, revocamos el dictamen recurrido y ordenamos al TPI-SJ a celebrar una Vista Evidenciaria para dilucidar si el emplazamiento fue hecho conforme a derecho.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones